811 So.2d 136 (2002)
STATE of Louisiana, Appellee,
v.
Tina Aaron KEITH, Appellant.
No. 35,644-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*137 Daryl Gold, Shreveport, Michael A. Maroun, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Carl Ekendahl, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and DREW, JJ.
DREW, Judge.
On March 5, 2001, Tina Aaron Keith pleaded guilty as charged to DWIthird offense, a violation of La. R.S. 14:98(D). On October 26, 2000, when the defendant committed this offense, DWI-third offense was punishable by imprisonment at hard labor for not less than one year nor more than five years, at least six months of which "shall be" without benefits, together with a mandatory fine of $2000, with the court being required to order that the vehicle being driven by the offender at the time of the offense be seized, impounded and sold [with some exceptions which do not apply here]. On July 9, 2001, some five weeks before the amended penalty portion of the statute of conviction became effective[1], the court imposed a sentence of five years at hard labor, plus the mandatory fine and vehicle forfeiture and denied a timely motion for reconsideration of sentence.
On appeal, defendant argued that the district court erred in considering prior convictions which occurred more than 10 years before the instant offense, that the sentence was excessive and that the district court erred by not applying retroactively the reduced penalty provisions of the act as later amended. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On October 26, 2000 a state trooper clocked defendant's car at 73 m.p.h. in a 55 m.p.h. zone. The car was driving in the left lane of a two-lane highway. When defendant exited the vehicle she had trouble standing and appeared to be showing signs of intoxication. Defendant failed field sobriety tests. She registered 0.194 blood alcohol content on the breath test. She had previous convictions, within the ten-year limitation, in June 1994 and April 1998.
*138 Prior to imposing sentence the district court reviewed a PSI report.[2] The court considered the facts of the case and noted that although defendant originally was booked on a charge of DWI (fourth offense), she was allowed to plead to a third offense charge. The court discussed defendant's criminal history. She had a conviction for DWI in 1986, accompanied with the dismissal of drug-related charges. A second conviction for DWI occurred in 1987, which resulted in a fine and probation. This probation was terminated when defendant was arrested in 1988 for DWI. She was allowed to "plead down" to reckless operation. Defendant was convicted in 1994 on another DWI offense. In 1996, defendant was convicted for the fourth time for DWI. The instant offense was actually her fifth conviction for DWI. While defendant was on bond for this present offense, she was arrested for operating a vehicle with a suspended license, possession of drug paraphernalia and possession of a Schedule IV CDS. She pled guilty to those offenses prior to the instant sentencing. Her criminal history revealed her to be a person with an out-of-control substance abuse problem.
The trial court noted defendant's history of substance abuse. She had been given at least six opportunities to correct her behavior, yet she continued to drink and drive. Therefore, a strong likelihood existed that her criminal conduct would continue if she were granted another probationary sentence. Defendant could have been charged with DWI (fourth offense) which carried a mandatory sentence of 10 years imprisonment at hard labor at the time of the offense. The trial court imposed sentence consisting of a fine of $2000, five years hard labor imprisonment, and forfeiture of the vehicle.

DISCUSSION
On appeal, defendant argues that the district court erred in considering prior convictions which occurred more than 10 years before the instant offense, that the sentence is excessive and that the district court erred by not applying retroactively the reduced penalty provisions of the act as later amended. Only the second issue, excessiveness, was raised in the motion for reconsideration of sentence, the grounds of which were that the trial court did not consider the welfare of defendant's young son and that defendant was enrolled in a substance abuse program. The motion also stated that incarceration is not "treatment."
La. C. Cr. P. art. 881.1 applies to defendant's sentence and precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Therefore, the claims raised by appellate defense counsel concerning the trial court's consideration of DWI convictions outside the 10 year period and failure to make retroactive application of the amendment to the penalty portion for DWI third offense are not properly before this court. However, even if considered, both complaints are without merit.

Consideration of Uncharged Prior DWI Convictions
Defendant urged that the trial court should not have considered defendant's 1986 and 1987 convictions because they were not within the 10 year limitation imposed by La. R.S. 14:98(F). The statute *139 states that for purpose of determining whether the defendant has prior DWI convictions, "prior conviction" does not include a conviction for an offense committed more than 10 years (plus any time of incarceration during the previous decade) prior to the commission of the crime for which the defendant is being tried, and such conviction "shall not be considered in the assessment of penalties hereunder."
Generally, in selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). Defendant cited no authority that the trial court could not review her entire criminal background and that 14:98(F) means the trial court, according to the defendant, is precluded from considering her prior criminal activity outside the 10-year window. The statutory language prevents the prosecution from using convictions outside the ten-year period as the basis for charging the defendant with a more serious and higher numbered DWI offense. Defendant's 1986 and 1987 DWI convictions were not used as predicate convictions in charging defendant with DWIthird offense. The present charge was based upon defendant's 1994 and 1996 DWI convictions. This claim has no merit.

Retroactive Application of Amended Penalty
This claim was not raised in the motion for reconsideration. As noted above, the amended penalty provisions of La. R.S. 14:98(D) did not become effective until after defendant was sentenced.
The law is that the penalty set forth in a statute at the time of the offense applies. State v. Ragas, 98-001 (La.App. 4th Cir.7/22/99), 744 So.2d 99, 106. The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Narcisse, 426 So.2d 118, 130 (La.1983), U.S. cert. denied; State v. Clark, 391 So.2d 1174, 1176 (La.1980). Accordingly, this claim has no merit.

Excessive Sentence
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
The defense argued the trial court should have considered that incarceration would impose a hardship on defendant's dependents, that she had voluntarily participated in a pre-trial drug testing program and that she had completed an in-house treatment program at the Pines Treatment Center. Neither the PSI report nor other matters of record indicated that defendant's young child was in her custody. Further, no evidence showed that the child's father, *140 from whom defendant was divorced, was not capable of caring for the child. Moreover, the PSI report and other matters of record do not confirm defendant's alleged prior participation in treatment programs. Defendant was represented by counsel at the sentencing. These matters were not brought to the attention of the court by defendant or her trial defense counsel at or prior to sentencing. Although these matters were alleged in the motion for reconsideration, no proof was provided. Even had these matters been properly presented, the trial court is not required to give specific matters any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. This argument has no merit.
Defendant was 38 years old at the time of this offense and a high school graduate. She had amassed a total of five convictions for DWI, but was sentenced as a third offender. She has a history of abusing CDS and of driving while her license is suspended. Her blood alcohol level in this instance was nearly double the legal limit. This places her in the category of the worst of offenders for whom a maximum sentence is appropriate. The sentence is within the range available to the trial court. Under the circumstances, the sentence does not shock the sense of justice and is not a meaningless infliction of pain and suffering.

DECREE
The sentence is not constitutionally excessive. The conviction and sentence are AFFIRMED.
NOTES
[1] By Acts 2001, No. 1163, the Legislature amended the penalty provisions of this section, greatly reducing the punishment to be imposed by requiring that 30 days of the maximum five-year penalty shall be imposed without benefit and the remainder of any sentence of imprisonment "shall be suspended." This act took effect on August 15, 2001.
[2] The file contains a motion by appellate defense counsel to view the PSI report. That motion was granted on November 1. No supplemental brief had been filed as of the date of this opinion.