821 So.2d 569 (2002)
STATE of Louisiana, Appellee
v.
Raheem K. WYATT, Appellant.
No. 35,835-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 2002.
*570 Ellender & Ellender, by Amy Clark Ellender, Baton Rouge, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Douglas L. Stokes, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and DREW, JJ.
BROWN, J.
Defendant, Raheem K. Wyatt, a/k/a as Raheem Kanobu Bauchman and Rahimu K. Wyatt, pled guilty as charged to one count of distribution of cocaine, a violation of La.R.S. 40:967, punishable at the time of the offense (November 2000) by imprisonment for not less than five years nor more than 30 years, the first five years of which must be served without benefit of parole, probation or suspension of sentence, plus a fine. The state agreed that, in exchange for defendant's guilty plea, he would receive a sentence of five years at hard labor with a recommendation for the intensive incarceration program if he was eligible. The trial court accepted the plea and imposed the agreed upon sentence with a recommendation that defendant be placed in the impact program.
Defendant thereafter moved for reconsideration, arguing that the court should impose a two-year sentence because the sentencing provisions of La.R.S. 40:967, the statute of conviction, had been amended, reducing the mandatory minimum sentence to two years. The trial court denied the motion to reconsider and this appeal ensued. On appeal, defendant asserts that his sentence should be reduced to the statutory minimum in effect at the time of sentencing. Finding no error, we affirm.

Discussion
The facts of this case are undisputed. On November 27, 2000, defendant sold crack cocaine to a confidential police informant in Jonesboro, Louisiana. The transaction was recorded on audio and video tape. The North Louisiana Criminalistics Laboratory verified that the substance involved was cocaine.
In a case in which a specific sentence or sentence cap has been agreed to as a consequence of a plea agreement, a sentence imposed within the agreed upon range cannot be appealed as excessive and there is no need for the trial court to give reasons for the sentence as required by La.C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Alexander, 34,328 (La.App.2d Cir.12/06/00), 774 So.2d 1089; State v. Moore, 32,707 (La.App.2d Cir.10/27/99), 743 So.2d 877, writ denied, 01-0650 (La.11/02/01), 800 So.2d 872; State v. Brown, 427 So.2d 1284 (La.App. 2d Cir. 1983); State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989).
The record shows that the court, the state and defendant agreed to a sentence of five years at hard labor. Because defendant agreed to a sentence, he is not entitled to appeal his sentence as excessive. Due to the parties' uncertainty as to which version of the statute was applicable at sentencing, however, we will address this assignment of error.
After the commission of the instant offense, but before defendant was sentenced, the legislature amended La.R.S. 40:967(B)(4)(b) by reducing the minimum term of incarceration from five years to two years and by reducing the "without benefit" requirement to mandate that only the first two years of imprisonment had to be without benefit. Acts 2001, No. 403. Section Six of this Act specifically states that its provisions were to have prospective effect only. This Act became effective on June 15, 2001, five days before *571 sentence was imposed in this case. By its own terms, the amendment was inapplicable to an offense committed before the amendment took effect.
The jurisprudence is well-settled that the penalty set forth in a statute at the time of the offense applies. State v. Wright, 384 So.2d 399 (La.1980); State v. Keith, 35,644 (La.App.2d Cir.02/27/02), 811 So.2d 136; State v. Bryan, 535 So.2d 815 (La.App. 2d Cir.1988). Accordingly, defendant's assignment of error is without merit.
We note that at the time of the offense, La.R.S. 40:967(B)(4)(b) provided a sentencing range of five to 30 years, the first five of which must be served without benefit. Defendant's five-year sentence is the mandatory minimum provided by the statute. Even though the trial court did not state that the sentence would be "without benefits," La.R.S. 15:301.1(A) provides:
(A) When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of the sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence. (Emphasis added).
No remand is necessary inasmuch as this court is neither correcting nor amending the sentence. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.