882 So.2d 716 (2004)
STATE of Louisiana, Appellee
v.
Shaun RAINEY, Appellant.
No. 38,869-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
*717 Louisiana Appellate Project, by James E. Beal, Jonesboro, and David Scott Kendrick, for Appellant.
William R. Jones, District Attorney, Robert E. Bethard, Assistant District Attorney, for Appellee.
Before GASKINS, PEATROSS & DREW, JJ.
PEATROSS, J.
Defendant, Shaun Rainey, was charged with one count of simple burglary in violation of La. R.S. 14:62. A unanimous jury of six found him guilty on the lesser and included offense of unauthorized entry of a place of business. Thereafter, the State charged Defendant as a fourth-felony offender. Defendant agreed to plead guilty to the habitual offender bill in exchange for imposition of the minimum 20-year sentence. The court imposed the agreed sentence and denied a motion for reconsideration of sentence. Defendant appeals the sentence, assigning as error that the agreed sentence was excessive and that he was not properly advised of his possible exposure as a fourth-felony offender before rejecting a pretrial plea bargain and electing to proceed to trial. For the reasons stated herein, we affirm.

DISCUSSION
On May 24, 2003, Defendant and several companions broke into a Chevron station in Armistead, Red River Parish, and stole approximately $63. Two of the accomplices, including Defendant's brother, made confessions and testified at trial that the crime was Defendant's idea. Defendant had prior convictions: in 1995 for illegal possession of stolen property over $500; in 1997 for theft over $500; and, in 2001 for unauthorized use of a motor vehicle.
The law is well-settled that, where a specific sentence or sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by La. C. Cr. P. art. 894.1. State v. Wyatt, 35,835 (La.App.2d Cir.6/12/02), 821 So.2d 569. Accordingly, because the parties agreed to the sentence imposed, the assigned error concerning excessiveness of sentence is not properly before this court.
We note that, since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714.
The law also is well-settled that an irregularity or error cannot be availed of after verdict unless it was objected to at *718 the time of occurrence. La. C. Cr. P. art. 841; State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (1990). In the case sub judice, there was no objection to the pretrial sentencing advice Defendant's trial counsel provided him. This assignment is without merit.
Our error patent review noted that the trial court erroneously believed Defendant was eligible for parole. To the contrary, La. R.S. 15:574.4A(1) provides that a "person convicted of a third or subsequent felony shall not be eligible for parole." This error will be corrected automatically by operation of La. R.S. 15:301.1.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Shaun Rainey, are affirmed.
AFFIRMED.