907 So.2d 873 (2005)
STATE of Louisiana, Appellee
v.
Kevin Jeffrey BURFORD, Appellant.
No. 39,801-KA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
Joseph W. Bailey, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Shenequa L. Grey, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS, and MOORE, JJ.
BROWN, C.J.
In the First Judicial District Court for Caddo Parish, Louisiana, defendant, Kevin Jeffrey Burford, pled guilty to armed robbery under an agreement with the district attorney that he would be sentenced to 40 years at hard labor without benefit of parole, *874 probation, or suspension of sentence. This sentence was to be served concurrently with another 40-year-sentence defendant had received in an attempted armed robbery case in the 11th Judicial District Court for DeSoto Parish. Although the sentence was agreed to, defendant has appealed. We affirm.

Facts
On December 3, 2002, defendant and his wife, Gretchen Nuss Burford, forced their way into the north Shreveport home of Sam and Betty Digilormo in search of money they believed was hidden in a safe. As Kevin held a handgun on the couple, Gretchen searched the house for money. Kevin threatened to cut off one of Mrs. Digilormo's fingers if she didn't tell them where the money was hidden. After finding about $5,000, the Burfords fled.
While the instant case was pending, the Burfords pled guilty in DeSoto Parish to the attempted armed robbery of an elderly couple when Kevin attempted to force his way into their home. In that case, Kevin received a 40-year hard labor sentence and Gretchen received a 30-year hard labor sentence, both without benefit of parole, probation, or suspension of sentence.
Defendant originally pled not guilty to the present charge. On September 28, 2004, he changed his plea to guilty pursuant to an agreement that the state would recommend a 40-year hard labor sentence without benefit to run concurrently with his sentence in DeSoto Parish. The trial court fully advised defendant of the constitutional rights he was waiving before accepting his guilty plea. After finding a factual basis for the plea, that the plea was freely and voluntarily given, and that defendant fully understood the nature and elements of the charge, the trial court accepted defendant's guilty plea, then sentenced defendant to 40 years at hard labor without benefit and ordered the sentence to run concurrently with any other sentence(s). This appeal ensued.

Discussion
La. C. Cr. P. Art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed upon sentences and agreed upon "ceilings," "ranges," or "caps." State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App. 2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.
Defendant claims that he entered this guilty plea pursuant to an agreement that he would be sentenced the same as in the Desoto Parish case and that the sentences would be served concurrently. He claims that the court in Desoto Parish went beyond the facts by finding that he was on a "crime spree" and in referring to him as a "domestic terrorist." Defendant claims that the Caddo Parish court adopted the findings of the DeSoto Parish court and because those findings were flawed, the concurrent 40-year term in Caddo is excessive.
Citing Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), reh. denied, ___ U.S. ___, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), defendant contends that these additional facts, labels of a crime spree and his being a domestic terrorist, were used to enhance or increase his sentence which violated his Sixth Amendment right to have those facts determined by a jury. The maximum penalty under the armed robbery statute is 99 years without benefit. Defendant pled guilty to armed robbery and was sentenced to less than one-half of the maximum. Unlike Blakely, there was no *875 enhancement beyond the statutory maximum.
Further, the Caddo Parish court simply imposed the agreed upon disposition. It did not reference the DeSoto Parish case nor did it mention a crime spree or identify defendant as a domestic terrorist. Obviously, defendant agreed that he would receive the same sentence as that handed down by the DeSoto Parish court and that those sentences would be served concurrently. If the DeSoto Parish sentence is declared excessive, then defendant might have a claim concerning the voluntariness of his plea that could be raised in a Post-Conviction Relief application. We note, however, that another panel of this court has affirmed defendant's Desoto Parish conviction and 40-year sentence. See State v. Burford, 39,610 (La.App. 2d Cir.05/11/05), 902 So.2d 1190.
Defendant also argues that the trial court failed to consider certain mitigating factors set forth in La. C. Cr. P. art. 894.1, or the exorbitant cost that his incarceration will be to the taxpayers over the 40-year period. Again, we note that defendant agreed to the sentence. Where a sentence has been agreed to as a consequence of a plea bargain and the sentence imposed is as agreed, there is no need for the trial court to give reasons for the sentence as required by La. C. Cr. P. Art. 894.1. State v. Rainey, 38,869 (La.App. 2d Cir.09/22/04), 882 So.2d 716; State v. Wyatt, 35,835 (La.App. 2d Cir.06/12/02), 821 So.2d 569.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.