DREW, J.
| ¶ Russell Jones was charged with distribution of Schedule I narcotics, a violation of La. R.S. 40:966 which allegedly occurred on February 28, 2012. He first pled not guilty, but on a later date pled guilty in exchange for a 15-year sentencing cap and the state’s agreement not to prosecute him as an habitual offender. The court that same day sentenced Jones to serve 14 years at hard labor. Jones untimely filed a motion to reconsider sentence, which was denied by the trial court. He appeals the excessiveness of his sentence.
FACTS
The district attorney recited an adequate factual recitation at the guilty plea.[1]
The trial court also made a diligent effort to determine defendant’s competence, literacy, and understanding. Its colloquy with the defendant was thorough and in full accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2]
*1035 |sThe defendant’s brief motion to reconsider sentence requested that the court “review the sentence and reduce and/or suspend a portion of the sentence.” At the hearing on the motion, the trial court explained its reasons for not granting relief.[3]
*1036 |4The defendant now appeals his sentence on grounds of excessiveness.
DISCUSSION
1 sMr. Jones mistakenly asserts that he is entitled to seek appellate review of his sentence imposed pursuant to a guilty plea that included a sentence cap, and he further asserts that his sentence of 14 years is excessive and was not justified by the various factors in La. C. Cr. P. art. 894.1.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. This rule is applicable to sentences imposed under an agreed sentencing cap as well as sentences for an agreed-upon term of years. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.
This record reveals that the defendant agreed not only to the sentence cap, but indeed knew that his sentence would be 14 years. As noted, his counsel commenced the plea by informing the trial judge: ‘Tour Honor, if the Court is still agreeable to the 14 years, then Mr. Jones would like to accept that.” That agreement is further evidenced by the defendant’s decision to waive the statutory delay for imposition of sentence and be sentenced, based upon off-the-record discussions about the defendant’s criminal record, on the day he pled guilty.
In brief, the defendant cites cases where defendants have been afforded appellate review of their sentences despite sentencing agreements. In State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214, this court reviewed the merits of an excessive sentence claim on appeal where the defendant pled guilty with the understanding that his guilty plea waived his right to appeal “except as to the amount of the sentence.”
1 r,During the plea in this case, the defendant was made aware that he was waiving his right to appeal by pleading guilty.
Nevertheless, this court has afforded defendants review of their sentences in cases where the issue is close.[4]
Considering the merits of the defendant’s excessive sentence argument,[5] the reasons for the procedural bar to appellate review of agreed-upon sentences become evident. The defendant knew ex *1037 actly what his sentence was going to be. Where a sentence has been agreed to as a consequence of a plea bargain and the sentence imposed is as agreed, there is no need for the trial court to give reasons for the sentence as required by La. C. Cr. P. art. 894.1. State v. Burford, supra. The trial court noted that the defendant is apparently a seventh-felony offender. The defendant was wise to take the deal he was offered. This record discloses no abuse of the trial court’s discretion.
ERROR PATENT
The trial court’s advice about the time limit for post-conviction relief was not strictly correct, so we clarify that information in this opinion.[6]
IvDECREE
The defendant’s conviction and sentence are AFFIRMED.

. "Your Honor, if this matter were to go to trial, the State would present evidence, both audio and video, which would prove that Russell Jones, on or about the 28th day of February 2012, did knowingly and intentionally distribute a Schedule 1 controlled dangerous substance, namely, marijuana, to a confidential informant, while located here in Webster Parish on Milton Drive, which is in the City of Minden. We would present evidence which would show that at approximately 10:50 a.m., Mr. Jones came in contact with the confidential informant and did exchange with the confidential informant four bags of suspected marijuana for $40 from the confidential informant. The substance that the confidential informant received was sent to the North Louisiana Criminalistic Laboratory and in fact determined to be Schedule I, marijuana."

. This exchange occurred between the defendant, his lawyer, and the court:
Ms. Giddens: Your Honor, if the Court is still agreeable to the 14 years, then Mr. Jones would like to accept that.
Court: Well, I think that's an excellent decision, Mr. Jones.
* * * *
Court: Okay. You’re satisfied, you discussed this matter with [your attorney] and you're satisfied?
Defendant: Yes, sir.
Court: Okay. She's informed you of the minimum and the maximum penalties in this matter?
Defendant: Yes, sir.
Court: Which, in this case, although the minimum and maximum penalties by statute, there’s agreement that a cap of 15 years is in place. Are you aware of that?
Defendant: Yes, sir.
Court: So, in your case, although the statute has a maximum, it’s different because of the cap by amendment.
Defendant: Yes, sir.
Court: Do you understand that?
Defendant: Yes, sir.
# * * *
Court: Okay. You also understand that if you’re convicted at trial, you have the right to appeal?
Defendant: Yes, sir.
Court: Okay. Do you understand that by entering this plea of guilty today that you will be waiving or giving up those rights?
Defendant: Yes, sir.
Court: No trial?
Defendant: Yes, sir.
Court: You understand that?
Defendant: Yes, sir.
Court: Okay. You understand that the sentence in this matter is up to me, with the exception of the cap?
Defendant: Yes, sir.
* * * *
Court: All right. I accept your plea of guilty. Now you have obviously in a case of a matter as serious of this you have delays in sentencing. I’m going to ask you today and we've discussed this matter at the bench between your counsel, [the prosecutor] and myself, where you might wish to waive those delays. I’ll defer to your counsel.
*1035 Ms. Giddens: Yes, Your Honor, he does wish to waive delays.
Court: He wishes to waive delays and be sentenced today?
Ms. Giddens: Yes, Your Honor.
Court: Okay. I’m ready to sentence you today. Based on what the district attorney's office has informed me concerning your record,.—
Defendant: Yes, sir.
Court: — which is significant—
Defendant: Yes, sir.
Court: — a significant criminal history which was I think corroborated by your counsel based on the statements that you made to her. So I think all of us in court agree that you have an extensive past with the court.
Defendant: Yes, sir.
Court: So we all understand each other.
Defendant: Yes, sir.
Court: Based on that information that I received, at this time I'm going to sentence you to serve 14 years hard labor. You have thirty days to appeal this matter and two years from today’s date to file for post-conviction relief.... You understand that?
Defendant: Yes, sir.

. Court: Mr. Jones, I remember your case. You appeared before me and entered a plea, if I’m not mistaken, and you had a cap of 15 years, is that correct?
Defendant: Yes, sir.
Court: And he had some discussion with your counsel, which I believe at that time was Mrs. Giddens,—
Defendant: Yes, sir.
Court: — wherein you agreed to or because of some consideration we had for some stuff you were sentenced to 14 years, which was not the cap but obviously a pretty significant sentence. She has filed a motion to reconsider in this matter on your behalf. Counsel, could y'all approach the bench real quick. Mr. Jones, could you step back.
* * * *
Court: .... The reason that we went through sentence of 14 is because you have a significant history with the court. Are you aware of that? And I believe on that date you acknowledged that your record was significant. Is that correct?
Defendant: Yes, sir.
Court: All right. And, specifically, in that your record has one, two, three, four, five, six, now seven felony charges and at least three misdemeanor charges. Of the felony charges, the court considers them all to be very significant in nature, not that any felony charge is not, but significant in nature. And they run, obviously, all the way from simple burglary charge, possession of a firearm by a convicted felon. Would note that numerous of these charges are drug-related. So we've had a history of this in your past. Do you understand?
Defendant: Yes, sir. I did my time for that.
Court: I understand. I understand. And I’m not saying anything about it. What I’m trying to do is tell you that the reason that the Court went through and what it based your sentence on originally is the fact that you developed quite a history with the court. Obviously and you understand that somebody that has no history certainly is in a better position than someone who has a history of seven to ten charges, especially when they're all somehow appear to be drug-related and your new charge of a significant nature is also drug-related. You understand what I'm saying?
Defendant: Yeah. Yes, sir.
Court: So — and because — and I think your counsel filed a motion to reconsider the sentence because maybe that was not explained to either her or you to satisfaction. But the reason the court imposed a 14-year penalty is because of your record and the extensive history you’ve had with the court, including some, if not all the charges that I discussed and would note that several of those charges all dealt with extended prison sentences. So, you know, obviously you have done time before on numerous charges and I would note that some of these sentences are as long as four years. You have two that look to be as short as two years. For that reason, I believe that the 14-year sentence that you were originally ordered to serve was appropriate and for that reason and placing now on the record specifically what we talked with counsel about at the bench last time, I would note that your motion to reconsider your sentence in this matter is denied and the 14- *1036 year sentence will remain in effect. You were advised at the original 14-year sentence, Mr. Jones, your time to appeal and your time to file post-conviction relief. I think with the denial of the motion that I do not have to advise you of that again. But out of an abundance of caution, I will tell you that you do have thirty days to file for an appeal in this matter and two years to file for post-conviction relief from the date of your sentencing[J

. See State v. Smith, 47,800 (La.App.2d Cir.2/27/13), 110 So.3d 628, where this court reviewed a sentence imposed in conformity with a cap where the trial judge told the defendant, "Do you also — and also understand that since you’re entering into a sentence with a plea with a cap you won’t be allowed or may not be allowed to appeal or seek review of the length or severity of that sentence?” The court found the conditional "may” significant and decided not to apply the bar to review. This is essentially a practical remedy confected by appellate courts to avoid the potentially extended proceedings involved in a remand for a determination of trial counsel’s effectiveness at sentencing, a determination that must normally be done while the case is on direct appeal because ordinary sentencing errors (i.e., errors that do not involve an illegal sentence) are not cognizable on post-conviction relief.

. The law regarding appellate review of sentences for excessiveness is well settled. See, e.g., State v. Shipp, 46,715 (La.App.2d Cir.11/2/11), 78 So.3d 805.

. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform a defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Brumfield, 2009-1084 (La.9/2/09), 16 So.3d 1161; State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. The trial court should have advised defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App.2d Cir.9/21/05), 911 So.2d 898.
Also, La. R.S. 40:966(B)(3), the sentence for distribution of marijuana requires the imposition of a fine of "not more than" $50,000; in this case, the trial court imposed no fine. When a trial court does not impose a fine in a situation where the statute authorizes a fine of “not more than” an amount, it impliedly imposes a fine of $0 and is not an error patent. State v. Turner, 46,683 (La.App.2d Cir.12/14/11), 82 So.3d 449, writ denied, 2012-0165 (La.6/22/12), 91 So.3d,965.