DREW, J.
1, Lorenzo Brown entered a plea of guilty to five of 24 counts of malfeasance in office, violations of La. R.S. 14:134. The plea agreement required restitution for all 24 counts and provided for a 20-year sentencing cap.[1]
The trial court sentenced the defendant to serve five years at hard labor on count one, with 30 months of the sentence suspended, conditioned upon five years of supervised probation. He was ordered to pay a fine of $1,000.00.
The court further sentenced Brown to serve 30 months at hard labor for each of the other four counts. All sentences .were ordered to be served concurrently.
He now appeals, urging that his sentences are excessive. We affirm.
Brown served as the superintendent of public works for the Town of Rayville from September 2009 through June 20Í0. The 24-count indictment alleged that during his time as superintendént, Brown used work release inmates to' perform work for five private businesses.
The plea agreement was as follows:
On the five counts of malfeasance, those are subject to a twenty-year cap, there are no other agreements about consecutive, concurrent or any other ‘way' the Court deems appropriate to structure *172 it_ [T]he Court will order a PSI — Also as a part of this, the State’s going to request restitution to the Town of Rayville which would fall under all twenty-four counts although he’s only pleading to the five[.]
No mention was made of a fíne; however, the court read the definition of the offense and the penalty provision — including the potential for a |2$5,000.00 fine — to the defendant, who indicated that he understood. Subsequently, the court asked Brown if he understood the agreement, and the court then said, “Actually that there is no plea agreement?” to which Brown responded, “Yes, sir.” During the colloquy, the court informed Brown that by pleading guilty, he would be giving up the right to appeal his conviction; the court mentioned nothing about appéal of the sentence. Later, the' court asked Brown whether he understood his plea agreement, and Brown responded, ‘Yes, sir,” and affirmed that he had gone over the agreement with his attorney. ■
The defendant’s plea agreement was reduced to writing in a document captioned “Felony Plea Agreement.” The agreement has a preprinted section where an agreed-upon sentence may be entered, but the section is left blank. This page is signed by the defendant. A' second page of the document includes a preprinted section providing:
By entering a plea of guilty, I am giving up certain .of my constitutional rights guaranteed by the U.S. Constitution and the Constitution of the State of Louisiana. The constitutional rights I am giving up by pleading guilty are as follows:
[[Image here]]
7. My right to apply or appeal to a higher court like the Second Circuit Court of Appeal or the Louisiana Supreme Court to .review any legal problems in my case which could result in a favorable outcome for me such as the reversal of my conviction.[2]
The defendant’s presentence investigation reveals that he':
• graduated from high school;
• had three years of college;
h* served in the Army for three years;
• has a wife and three children who live with him in Rayville;
• has worked for the Town of Rayville since 1997; and
• has a felony conviction for unauthorized use of a movable.[3]
At the sentencing hearing, the court acknowledged receipt of a number of letters concerning the defendant, almost all being uniformly'in his favor.
At sentencing, the defendant made a brief statement:
I admit that I did do some of the stuff and some of the things in the allegations, Your Honor, I wasn’t familiar with but I’m here to just accept responsibility for what I’ve done,,
The court stated that it had considered all the aggravating and mitigating circumstances of the offense, noting, “Frankly, I think the City bears some responsibility for hiring you back, I’m not going to lie about it.” The court stated that it selected the sentence to be imposed because a lesser sentence would deprecate the serious *173 ness of the offense that involved the violation of public trust. ,
The court imposed sentence as follows:
• Count One: Five years at hard labor, 30 months suspended in favor of five years supervised probation. $1,000.00 fine payable in 30 installments[4]' after release.
• Counts Two through Five: 30 months’ incarceration at hard labor for each offense, to run concurrently with each other and with the sentence for count one.
|/The court ordered him to pay the City restitution amounting to $14,386.54 in installments over 30 months, beginning 30 days after he was released.
Brown timely filed a motion to reconsider sentence, urging that his sentences were excessive in light of the hardship they will impose on his family. The court denied that motion. The defendant appeals. We affirm.
DISCUSSION
The defendant contends that he is entitled to appellate review of his sentence despite the agreed-upon sentence cap that was part of what appears to be a plea bargain. He further argues that the court’s five-year sentence is excessive and unjustified by the facts as is the $1,000.00 fine, which was not included in the. plea agreement. . •
The state contends that the- defendant should not be entitled to appeal the sentence because the plea agreement included a sentencing cap. In any event, the state argues that this sentence is far from excessive.
La. C. Cr. P. art. 881.2(A) provides, in part:
A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the- maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory énhhncement provisions. '
(2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Section A(2) applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.
When 'the right to appeal is mentioned by the court during the plea colloquy, even though there is an agreed sentence or sentencing cap, we have allowed the defendant’s sentence to be reviewed. State v. Fizer, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243. Otherwise, the issue of whether the advisement of the right to appeal had any effect on thé voluntariness of the plea might arise. Id.
In its colloquy with the defendant, the court did not specifically advise Brown that he had the right to appeal his sentence or that he was waiving that right. The court- informed Brown that by pleading guilty, he was waiving his right to appeal his conviction; nothing about the sentence was mentioned. Although the written plea agreement, includes a waiver of the right to appeal, that page of the agreement is unsigned. Accordingly, we will review the sentence.
*174 Our law on the review of sentences is well settled.[5]
| fiThis defendant was originally charged with 24 counts, each carrying a maximum punishment of five years at hard labor. His original sentencing exposure was 120 years at hard labor. When pleading guilty to five counts, he benefited from the plea bargain as to a maximum sentence of 20 years, instead of 25 years.
Here, the court chose not to impose the maximum 20-year sentence under the plea agreement. It imposed the multiple sentences concurrently, effectively sentencing this defendant to one-fourth of his maximum exposure under the plea agreement. The court suspended half of the five-year sentence for count one, and suspended the other sentences.
The court’s choice not to suspend the entire sentence was well within its discretion, especially given that the defendant previously committed a felony, also with the Town of Rayville as the victim. He did poorly on that probation.
This man knew about a possible fíne when he pled guilty. He agreed to make restitution with no complaint as to the amount of restitution owed.
This was a just and fair sentence, and no abuse of discretion.
JjDECREE
The defendant’s convictions and sentences are AFFIRMED.

. There was no agreement as to the concurrent or consecutive nature of the sentences,

. This second page of the agreement in the record is signed by two witnesses but is not signed by the defendant; the defendant's signature field is blank.

. The property in the previous. felony also belonged to the Town of Rayville. He was sentenced to three years at hard labor, with a suspended sentence. His probation was not revoked, even though he did not satisfactorily complete all his probationary obligations.

. Presumably the court contemplated monthly payments.

. Typically, our review includes both an examination of the trial court’s articulation of the La. C. Cr. P. art. 894.1 factors and a review for constitutional excessiveness. Compliance with La. C. Cr. P. art. 894.1 is not required because of the sentencing cap, Fizar, supra, but the record nevertheless indicates that the trial court considered those factors in light of the material in the defendant’s presen-tence investigation. The trial court further considered letters from community members about the defendant. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of of-, fense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shu-maker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Furthermore, a sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 393, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.