WILLIAMS, J.
hThe defendant, Veronica Jackson, was indicted on the charge of second degree murder, a violation of LSA-R.S. 14.30.1. Pursuant to a plea agreement, the defendant pled guilty to the responsive verdict of manslaughter, LSA-R.S. 14:31, with a sentence of at least 20 years and the possibility of the statutory maximum sentence of 40 years. The district court sentenced defendant to serve the maximum 40 years’ imprisonment at hard labor. The defendant appeals the sentence imposed as excessive. For the following reasons, we affirm.
FACTS
In November 2014, the victim, Grover Brown, was found dead on the floor of his home with two gunshot wounds to the head. In the investigation, defendant became a suspect. She was arrested and charged with second degree murder. After defendant entered a plea of not guilty and not guilty by reason of insanity, the district court ordered a sanity commission. Based on the reports of doctors, the court found that defendant had the mental capacity to assist in her defense.
Pursuant to a plea bargain, defendant pled guilty to manslaughter with a minimum sentence of 20 years and the possibility of the statutory maximum sentence of 40 years. In accepting the guilty plea, the district court expressly stated that defendant was not waiving her right to seek appellate review of her sentence. After a sentencing hearing, the district court sentenced defendant to serve 40 years’ imprisonment at hard labor. The defendant’s motion to reconsider sentence was denied and this appeal followed.
^DISCUSSION
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that a less harsh sentence is warranted because she has no prior criminal record, she admitted her guilt and she showed remorse for committing the crime.
A defendant cannot appeal or seek review of a sentence imposed in conformity "With a plea agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2). This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 96-0195 (La. 10/15/96), 680 So.2d 1171; State v. Brown, 50,138 (La.App. 2 Cir. 9/30/15), 181 So.3d 170; State v. Burford, 39,801 (La.App. 2 Cir. 6/29/05), 907 So.2d 873. This Court has allowed review of a defendant’s sentence, even though there was an agreed-upon sentence, sen- *642 fencing range, or sentencing cap, when the trial court mentions the right to appeal the sentence during the plea colloquy. State v. Brown, supra. Otherwise, the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea might arise. Id.
Review of the guilty plea colloquy in this case shows that defendant waived her right to appeal her conviction, but did not waive her right to appeal her sentence. Thus, we shall review the sentence imposed for excessiveness.
In reviewing a claim of excessive sentence, the appellate court first considers whether the record shows the trial court took cognizance of the sentencing guidelines in LSA-C.Cr.P. art. 894.1. State v. Taylor, 49,467 (La.App. 2 Cir. 1/14/15), 161 So.3d 963. The trial court is not required to|s list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of those guidelines. Id.
The reviewing court next determines whether the sentence is constitutionally excessive by considering whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. La. Const. Art. I, § 20; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Lindsey, 50,324 (La.App. 2 Cir. 2/24/16), 189 So.3d 1104. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. Id.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Washington, 50,337 (La.App. 2 Cir. 1/13/16), 185 So.3d 852. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, 48,534 (La.App. 2 Cir. 1/15/14), 130 So.3d 993.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Sanders, 49,241 (La.App. 2 Cir. 10/22/14), 151 So.3d 160, writ denied, 2014-2536 (La. 1/16/15), 157 So.3d 1133. The defendant was originally indicted on the charge of second degree murder, which carries a mandatory penalty of life imprisonment at hard labor. LSA-R.S. 14:30.1. ^Manslaughter is punishable by imprisonment at hard labor for not more than 40 years. LSA-R.S. 14:31.
Prior to imposing sentence, the district court reviewed a presentence investigation report and letters submitted on defendant’s behalf. At the sentencing hearing, the court heard the statements of the victim’s family and recalled the facts and circumstances of the case. The court noted that defendant had stated to a witness that she was just going to scare the victim with the gun and then she shot him twice in the head inside his home. The trial court found there was no evidence that defendant had acted under strong provocation and it appeared that her actions were senseless and unprovoked.
In considering the guidelines of Article 894.1, the court determined that there was an undue risk the defendant would commit another crime if not incarcerated, that defendant was in need of correctional treatment in a custodial environment and that a *643 lesser sentence would deprecate the seriousness of her crime. As aggravating factors, the court found that defendant’s crime caused a significant and permanent loss to the victim and the victim’s family, defendant’s actions manifested deliberate cruelty to the victim because she was aware of his vulnerability due to his age, ill health, and disability, defendant used actual violence in committing the crime with a dangerous weapon, and she traveled to the victim’s home late at night knowing there would not be other witnesses around. In addition, the trial court observed that by accepting the plea agreement, defendant had obtained a significant benefit by reducing her potential sentencing exposure.
The record demonstrates that the district court fully complied with Article 894.1 in considering the appropriate sentencing factors and | ^articulating the reasons for sentencing. Based upon the circumstances of this case, in which defendant went to the victim’s house armed with a gun and shot him twice in the head, the district court did not abuse its discretion in imposing the maximum sentence for the offense of conviction. Thus, we cannot say the 40-year sentence imposed is constitutionally excessive. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.