Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,838-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

MICHAEL L. MCDONALD                         Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 44,525

Honorable Anastasia S. Wiley, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By:  Mary Constance Hanes


R. CHRISTOPHER NEVILS                   Counsel for Appellee
District Attorney

STEVEN D. CREWS
COLE B. SMITH
Assistant District Attorneys


* * * * *


Before PITMAN, COX, and ROBINSON, JJ.

**PITMAN, J.**

Defendant Michael McDonald appeals the sentence imposed of 20 years at hard labor, without benefit of parole, probation or suspension of sentence, for the crime of possession of a firearm by a person convicted of certain felonies, a violation of La. R.S. 14:95.1, to which he pled guilty. For the following reasons, we affirm.

## FACTS

Defendant was charged by bill of information with one count of third degree rape, a violation of La. R.S. 14:43, which rape was allegedly committed on September 16, 2018, upon the victim, C.S. He was also charged with second degree battery, a violation of La. R.S. 14:34.1, for committing a battery upon C.S. with the intention of inflicting serious bodily injury. Defendant was also charged with a violation of La. R.S. 14:95.1, possession of a firearm or carrying concealed weapon by a person convicted of certain felonies. The state alleged that on September 16, 2018, Defendant, being a person previously convicted of aggravated assault with a firearm,[1] possessed a firearm or concealed weapon, specifically a Hi-Point 40-caliber handgun.

At the guilty plea, the facts of the rape and battery charges were communicated to the court in State's Exhibit 1, the offense report prepared by Winnfield Police Officer Alan Marsden and a supplemental report prepared by Officer Andy Roberts. The basic facts of what occurred on September 16, 2018, were that Defendant and C.S. were romantically involved with each other. They had a fight that night, went to a bar, became

---

[1] See the minutes from Winn Parish Docket No. 42,776, dated February 27, 2013, which were introduced in evidence as State's Exhibit 1 at the guilty plea hearing.

intoxicated and then went to Defendant's home. Defendant claimed they had consensual sex twice and then he fell asleep. C.S. claimed that she fell asleep and was awakened to Defendant on top of her having sex with her, that she was in pain and told him to stop, but he refused. She was bleeding profusely from her vagina and so she left the home, went out to her car in the driveway and called the police to tell them where she was and that she had been raped. The police arrived, and C.S. had to be transported to a hospital where it was discovered that she had a tear in her vagina and was still bleeding. She was first taken to the Winn Parish Medical Center; but because of the severity of her injuries, she was taken to St. Frances Cabrini Hospital in Alexandria, Louisiana. On the way to Alexandria, she lost so much blood that her blood pressure dropped. She had to be intubated and resuscitated and received two units of blood upon her arrival at the hospital.

The police returned to Defendant's house and received permission to search the premises, which appeared as if someone had made an attempt to clean. The bed was made; but when the police pulled back the covers, the bedding was soaked with fresh bright red blood. Defendant did not deny that it was C.S.'s blood. Police continued to search the house for evidence and found other blood evidence; a jar of petroleum jelly, which was empty except for two walnut sized blood clots; and a handgun in the closet. Police were aware that Defendant was a prior felony offender and had last pled guilty in February 2013 to aggravated assault with a firearm. When they asked him why he had the gun, he replied that he thought it had been long enough since his last conviction that he was allowed to have it.

In August 2021, Defendant decided to enter a plea agreement whereby the charges of third degree rape and second degree battery would be

2

dropped, and he would plead guilty to possession of a firearm by a convicted felon. He testified at the guilty plea hearing that he understood that the potential sentence he faced under La. R.S. 14:95.1 was 5 to 20 years in prison and that the plea was being made without any promises that the sentence would be imposed at any certain level. He specifically stated that he understood that a presentence investigation ("PSI") would be performed, that his sentence would be entirely up to the trial court's discretion, that his sentence would be final and that no appeal could be taken as to conviction or sentence. Defendant stated again that he understood that he was waiving his rights to file any appeal of the conviction and sentence or motions to reconsider sentence. After the guilty plea was accepted, the charges of third degree rape and second degree battery were dismissed.

At the sentencing hearing on October 20, 2021, the trial court questioned Defendant regarding his social factors. He stated he was 59 years old, had completed his GED and was employed laying concrete. The trial court reviewed the PSI report, which reflected that Defendant had a criminal history that began in the 1980s and included three prior felony convictions.

The trial court noted that the state submitted a letter to the court that contained a recommendation that it impose the maximum penalty provided by law of 20 years. The letter was admitted into the record and states:

> While we ended up accepting a plea to possession of a firearm by a convicted felon-Count III and dismissing the other counts, this in no way should be construed as any type of doubt as to the seriousness and veracity of the other counts. It simply came down to an issue of proof.

After giving Defendant a chance to speak on his own behalf, at which time he asked for mercy so that he could return to his family, the trial court

3

cited La. C. Cr. P. art. 894.1 and found that there was an undue risk that during the period of a suspended sentence or probation he would commit another crime; that he was in need of correctional treatment that could be best provided in an institution; that a lesser sentence would deprecate his crime; and, last, that he was not eligible for probation because of the nature of his crime.

The trial court sentenced Defendant to serve the maximum sentence of 20 years at hard labor without benefit of probation, parole or suspension of sentence. He was given credit for time served. At the end of the sentencing hearing, the trial court informed Defendant that he had "two years from the date this judgment is final to file for any post-conviction relief."

Despite the fact that Defendant waived his right to appeal the sentence, Defendant's attorney filed a motion to reconsider sentence, claiming that the trial court considered the crime of third degree rape in fashioning the sentence, but that charge had been dismissed. Defendant claimed the dismissal was not pursuant to a plea bargain agreement but, instead, was dismissed because the state lacked evidence. Defendant also claimed that the sentence was excessive and not commensurate with the crime of possession of a firearm by a felon. The trial court denied the motion for reconsideration of the sentence. Defendant filed this appeal, seeking review of the denial of the motion to reconsider sentence and reduction of his sentence.

## DISCUSSION

Defendant argues that the trial court erred when it "considered all factors" in imposing the maximum 20-year sentence because those factors included the charges that had been dropped in exchange for the plea bargain

4

agreement. He claims that although a sentencing judge is allowed to consider prior criminal activity, including arrests, even in the absence of proof that the defendant committed the other offenses, the arrests should not be considered by the trial court for sentencing purposes when the evidence tends to demonstrate that the defendant was innocent of those offenses. He asserts that because the state informed the trial court that there was "an issue of proof" as to why the other charges were dismissed, it should not have considered the other offenses of rape and battery when it imposed the maximum sentence.

Defendant also argues that the trial court seemed to place undue importance on its observation that he was a fourth felony offender, which he claims would be an error as the correctness of a multi-bill was not even at issue. He asserts that this court should vacate his sentence and remand for imposition of a sentence within constitutional limits.

The state argues that Defendant's extensive and violent criminal history alone warranted the maximum sentence imposed by the trial court. It also argues that he received a significant and meaningful benefit in pleading guilty as he was exposed to the potential threat of consecutive sentences upon conviction for the sex crimes in conjunction with the unrelated gun crime. It contends that the consideration of the rape and battery would be absolutely appropriate in making a sentencing determination but also argues that it placed no emphasis on the dismissed charges and did not even mention them when determining the sentence. It points out that the sentencing judge was not the judge who heard the evidence at the preliminary examination and probably did not review anything other than the PSI report. It argues that the sentence is appropriately tailored to

5

Defendant and the crime of which he pled guilty. Further, it contends that the sentence is not unconstitutionally excessive.

In 2018, the year the crime was committed, La. R.S. 14:95.1(B) stated that the penalty for possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies was imprisonment at hard labor for not less than 5 nor more than 20 years without the benefit of probation, parole or suspension of sentence and a fine of not less than $1,000 nor more than $5,000.

A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2); *State v. Jackson*, 51,011 (La. App. 2 Cir. 1/11/17), 211 So. 3d 639. This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. *State v. Young*, 96-0195 (La. 10/15/96), 680 So. 2d 1171; *State v. Jackson*, *supra*. If a plea agreement did not include an agreed-upon sentence, it is subject to appellate review. *State v. Lindsey*, 50,324 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1104.

In *State v. Jones*, 48,774 (La. App. 2 Cir. 1/15/14), 130 So. 3d 1033, the record showed that the defendant agreed to the sentence cap of 15 years and was sentenced to 14 years. On appeal, this court held that because the defendant was made aware that he was waiving his right to appeal by pleading guilty, he was not entitled to review of his sentence. Nevertheless, this court acknowledged that defendants have been afforded review of their sentences in cases where the issue is close. *Id.* Similarly, in *State v. Wright*, 49,882 (La. App. 2 Cir. 7/08/15), 169 So. 3d 835, this court held that, because the defendant agreed during his plea that he would not be able to

6

appeal, he was not entitled to appellate review of his sentence. The record showed that during the plea hearing, the defendant was advised that there was a sentencing cap, and he would not be entitled to an appeal from his sentence. This court found that the trial court's statements to the contrary at the sentencing hearing did not influence the defendant's decision to plead guilty or interfere with the enforceable cap. *Id.*

In the case at bar, Defendant's plea agreement did not include an agreed-upon sentence, but he was informed of the sentencing range of 5 to 20 years at hard labor and that the decision of imposition of sentence was left to the trial court's discretion. Defendant's agreement included that the two very serious charges of third degree rape and second degree battery would be dropped if he pled guilty to the firearm charge, and this resulted in a significant reduction in potential exposure to confinement. In addition, Defendant was told twice that he was waiving his right to appeal whatever sentence the trial court imposed; and he indicated he understood. At sentencing, Defendant was informed that he had two years from the date of finality of the judgment to file for post-conviction relief. Excessive sentence is not a ground for filing a request for post-conviction relief. La. C. Cr. P. art. 930.3. Under these circumstances, Defendant waived his right to appeal his sentence.

Therefore, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant Michael L. McDonald are affirmed.

**AFFIRMED**.

7