STATE OF LOUISIANA      *      NO. 2023-KA-0632

VERSUS      *

         **COURT OF APPEAL**

PHILLIP BARBARIN      *

         **FOURTH CIRCUIT**

     *

         **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-825, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rachael D. Johnson, Judge Karen K. Herman)

Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

Brad Scott
Chief of Appeals
Orleans Parish Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

Patricia Amos
Assistant District Attorney
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR APPELLEE

                              **AFFIRMED**
                            **March 15, 2024**

*RDJ*
*RLB*
*KKH*

Appellant, defendant Phillip Barbarin, seeks review of the district court's July 6, 2023 ruling, sentencing him for armed robbery with a firearm, access device fraud, aggravated assault with a firearm, illegal discharge of a firearm during a crime of violence and attempted second degree murder following his guilty pleas made in conjunction with a plea agreement. Finding that Appellant's appeal is meritless, we affirm the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

Appellant's conviction and sentencing arise from a three-day crime spree he went on in the Carrollton area of New Orleans from February 6, 2021, through February 8, 2021.

In an April 6, 2021 bill of information, Appellant was charged with the following 11 counts: seven counts of armed robbery with a firearm, in violation of La. Rev. Stat. 14:64 and La. R.S. 14:64.3; one count of access device fraud, in violation of La. Rev. Stat. 14:70.4; one count of aggravated assault with a firearm, in violation of La. Rev. Stat. 14:37.4; one count of illegal discharge of a firearm during a crime of violence, in violation of La. Rev. Stat. 14:94(F); and one count of

attempted second degree murder, in violation of La. Rev. Stat. 14:(27)30.1.[1] Initially, Appellant pled not guilty to the charges. He ultimately entered into a plea agreement in open court on May 24, 2023, pleading guilty as charged to all 11 counts in exchange for the State's dismissal of case number 550-554, which involved a charge of possession with the intent to distribute marijuana. As set forth in the plea of guilty form, Appellant voluntarily gave up numerous rights he would have been afforded had he chosen to proceed to trial, including the right "to appeal any verdict of guilty" that might be returned against him at trial." Moreover, although his sentencing was deferred, Appellant's guilty plea form reflects that, in connection with his pleas as to all eleven counts, 30 years imprisonment at hard labor would be the maximum term he would receive at hard labor with the Louisiana Department of Corrections ("DOC").

On July 6, 2023, the district court sentenced the Appellant as follows: 25 years imprisonment at hard labor, with an additional five years to run consecutively to the twenty-five years under the firearms enhancement provision of La. R.S. 14:64.3 for each of the seven counts of armed robbery; six months in the Orleans Justice Center in connection with his access fraud conviction; 10 years in the DOC at hard labor for aggravated assault with a firearm conviction; 20 years at hard labor for illegal discharge of a firearm during a crime of violence; and, 30 years at hard labor in the DOC for his attempted second degree murder conviction. All sentences were ordered to run concurrently with the exception of the five-year terms imposed for La. Rev. Stat. 14:64.3.

---

[1] Also charged in the bill of information was co-defendant, Josiah Berry, who is not part of the instant appeal.

Appellant timely filed the instant appeal.[2] The Louisiana Appellate Project was appointed to represent Appellant and filed an errors patent brief on his behalf on November 14, 2023, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Although advised that he could file a *pro so* brief, Appellant failed to do so.

Appointed appellate counsel, in accordance with the procedures outlined in *State v. Benjamin*, 573 So.2d 528 (La. App. 4 Cir. 1990), pursuant to *Anders* and *State v. Jyles,* 96-2669 (La. 12/12/97), 704 So.2d 241, submitted that she conducted a thorough review of the record; that she cannot find any non-frivolous issues to raise on appeal; and that she seeks permission to withdraw as counsel of record. Following our independent review of the record, this Court granted counsel's motion to withdraw. The State filed a response to counsel's *Anders* brief, asserting that there are no errors patent and, thus, Appellant's conviction should be affirmed. We agree.

After performing a thorough review of the record, including the bill of information, transcripts, pleadings and minute entries, we find that no issues exist that would support any assignment of error on appeal. There are no errors patent. Moreover, the record reflects that Appellant was represented by counsel when he pled guilty, pursuant to his plea agreement, wherein he waived his right to appeal. "A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." *State v. McDonald*, 54,838, p. 8 (La. App. 2 Cir. 1/11/23), 354 So. 3d 820, 823

---

[2] The order granting Appellant's appeal was not signed by the judge who had accepted his guilty plea wherein Appellant acknowledged his relinquishment of his right to appeal, rather the order was signed by a judge from a different section of court who indicated that she was "acting for" the judge who accepted the pleas.

(citing La. Code Crim. Proc. art. 881.2(A)(2); S*tate v. Jackson*, 51,011, p. 2 (La. App. 2 Cir. 1/11/17), 211 So. 3d 639, 641). This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. *Id*. (citations omitted).

## DECREE

For the foregoing reasons, the July 6, 2023 ruling of the district court is affirmed.

**AFFIRMED**