STEWART, J.
h Defendant Leroy Wright appeals from his conviction for purse snatching and 15-year hard labor sentence. He argues that the trial court erred in imposing a sentence that is unconstitutionally excessive. Finding no error, we affirm.
FACTS
The defendant was charged by bill of information with purse snatching, a violation of La. R.S. 14:65.1, and resisting an officer, a violation of La. R.S. 14:108. On April 14, 2014, the defendant followed the victim while she was grocery shopping in a *837 Super One Foods in Monroe. When the victim reached to get a grocery item from the shelf, the defendant snatched her wallet from her purse, which was placed in the shopping cart. The defendant then ran from the store. While en route to the grocery store, officers with the Monroe Police Department were advised that a man matching the suspect’s description was seen running on Louisville Avenue. An officer observed the defendant, who matched the suspect’s description, and gave chase. Upon apprehending the defendant, officers noticed a wallet tucked into the defendant’s waistband. Though the defendant claimed the wallet was his, all the items in the wallet belonged to the victim of the purse snatching. The victim identified the wallet as hers and identified the defendant as the person who snatched her wallet and ran from the store. The victim’s $30 was still in the wallet when it was recovered from the defendant.
On July 1, 2014, pursuant to a plea agreement, the defendant pled guilty to the purse snatching charge in exchange for the state not filing an ^habitual offender bill and with a sentencing cap of 19½ years. The defendant affirmed in open court that he understood the agreement and that, upon pleading guilty, he would not have the right of appeal. After accepting the defendant’s plea, the trial court ordered a presentence investigation (“PSI”).
At sentencing on September 4, 2014, the trial court considered the defendant’s personal history and extensive criminal history. The trial court noted that the defendant, then age 54, was raised by an older sister and that he claimed he began stealing to survive. Eventually, thievery became a habit. The defendant obtained a GED while incarcerated. He claimed he was unable to find a job due to his criminal history, but he also reported that he had worked for a roofing business between 1995 and 2005.
The trial court observed that “nearly a majority” of the PSI consisted of the defendant’s arrests and convictions, most of which were for theft, burglaries, and shoplifting. The officer who prepared the report located seven prior felony convictions. Addressing the factors of La. C. Cr. P. art. 894.1, the trial court found that the defendant would likely commit another crime if given a suspended sentence, that he was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the crime. The trial court noted that the minutes from when the defendant entered his guilty plea did not state that the plea involved a sentencing cap.[1] |sThe trial court then imposed a sentence of 15 years’ imprisonment at hard labor. The state dismissed the resisting an officer charge.
Defense counsel objected to the sentence as excessive and gave notice of intention to file a motion for reconsideration. The trial court immediately denied the motion, stating that he had pondered over the matter to determine the right thing to do and had “found peace in the number that I came up and I’m not going to change it.” Nevertheless, the defendant filed a written motion for reconsideration, which was denied. This appeal followed.
DISCUSSION
The defendant urges on appeal that his 15-year sentence is excessive. Citing his bleak personal history, including the absence of a father and mother and his failure to graduate from high school, the de *838 fendant argues that his criminal history of theft began out of necessity and became a compulsion. Further, he cites his 10-year work history as a roofer as evidence that he had made an effort to support himself lawfully, despite his compulsion to steal.
La. R.S. 14:65.1 provides:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.
[4The record clearly reflects that the defendant pled guilty with a sentence cap of 19½ years, and agreed that he understood that by doing so, he was waiving his right to appeal his sentence.
La. C. Cr. P. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214. Because the defendant agreed during his plea that he would not be able to appeal, the defendant is not entitled to appellate review of his sentence. The record shows that the defendant was advised during the plea hearing that there was a cap and that he would not be entitled to an appeal from his sentence. The trial court’s statements to the contrary at the sentencing hearing did not influence the defendant’s decision to plead guilty or interfere with the enforceable cap.
Even though the defendant is not entitled to appellate review, such a review shows that his sentence is not excessive. The standards for review of sentences on appeál are well settled. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. There is no requirement that every aggravating or mitigating circumstance must be listed, so long as the record reflects that the trial court adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); Lathan, supra. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. Lathan, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 *839 (La.1/14/03), 839 So.2d 1; Lathan, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
The defendant’s PSI reflects 43 separate entries where the defendant was arrested or charged with various offenses, and most of the 43 entries include multiple offenses. Twenty-three of these entries occurred in the 10 years leading up to this offense, and 11 were in the prior five calendar years. That group of 11 incidents included not only the instant offense, but convictions for felony theft, middle grade theft, possession of cocaine, aggravated assault, and four convictions for shoplifting, among others.
The record reflects that the trial court took the factors of La. C. Cr. P. art. 894.1 into consideration, including the defendant’s personal and work history, when it selected the appropriate sentence. Given the defendant’s age, prior felony convictions, and the benefit he received by avoiding a habitual offender adjudication and prosecution for resisting an officer, the trial court’s reasons show that the sentence was appropriately tailored to the defendant’s conduct. Likewise, the sentence is not constitutionally excessive. Given the defendant’s extraordinary criminal record, the trial court’s conclusion that the defendant would likely offend again if given a lesser sentence was reasonable.
CONCLUSION
For the above reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. However, the transcript of the plea agreement states that the defendant “plead guilty as charged with a PSI with a nineteen and half year cap.” The defendant’s sentence was less than the cap.