LOLLEY, J.
|; This criminal appeal arises from the Fifth Judicial District Court, Parish of Richland, State of Louisiana. The defendant, Christopher Wayne Lindsey, pled guilty to aggravated second degree battery, in violation of. La. R.S. 14:34.7, and was ultimately sentenced to 15 years’ imprisonment. After failing to appear for sentencing on that conviction, Lindsey pled guilty to jumping bail, in violation of La. R.S. 14:110.1, and fourth-felony habitual offender, in violation of La. R.S. 15:529.1. He was sentenced to 20 years’ imprisonment on his conviction as a fourth-felony habitual offender, to run concurrently with the previous sentence he received. Lindsey appealed his sentence for aggravated second degree battery, , and for the following reasons, we affirm his conviction and sentence.
Facts
On February 3, 2013, the defendant, Christopher Wayne Lindsey, confronted David Easterling at the residence of East-erling’s girlfriend, Kimberly Peavy, who also happened to .be the defendant’s estranged wife. As Easterling attempted to leave Peavy’s residence in his vehicle, Lindsey reached through the vehicle window and stabbed Easterling in the left arm. Easterling lost consciousness, was treated at St. Francis Medical Center, and *1107 lost the full use of his left arm for at least a month. Easterling told investigating officers he believed that he would have been stabbed in the neck had he not attempted to lean out of Lindsey’s way. Peavy informed the investigators that she received a text message from Lindsey following the stabbing, which stated that Easterling “had gotten lucky this time.” Lindsey was charged by bill of information with aggravated second degree battery,- in violation of La. R.S. 14:34.7.
|2In February 2014, after selection of a jury, the trial court was advised that a plea agreement had been reached. Under the plea agreement, Lindsey agreed to plead guilty as charged to aggravated second degree battery, and in exchange, the state would recommend a 15-year sentence, the maximum sentence available, and would not charge Lindsey as a habitual offender. Additionally, it was agreed that a presen-tence investigation (“PSI”) would be ordered by the trial court. Lindsey was advised of and waived his Boykin rights, and pled guilty to aggravated second degree’ battery. The trial court specifically confirmed that Lindsey understood that he waived the right to appeal his conviction and that, while the state recommended a sentence of 15 years, the trial court retained the discretion to impose a different sentence. The trial court accepted Lindsey’s plea and scheduled a sentencing hearing for April 2, 2014. The PSI was ordered, and Lindsey was released on bond.
Lindsey failed to appear for the sentencing hearing on April' 2, 2014, and'a bench warrant was issuéd. He was subsequently charged with jumping bail, in violation of La. R.S. 14:11o.!.[1] The sentencing hearing was reset for June 4, 2014, and Lindsey appeared on that date. As to Lindsey’s plea agreement on his initial offense, the following exchange took place:
The Court: At that time you entered a plea of guilty under a plea agreement whereby your sentence would have a fifteen year cap. And that sentencing was set for some time in April, ... |aThe State: Judge, we can look real quick-actually Judge, it was not a fifteen year cap, it was a plea of guilty to the charge with no agreement on sentence. And it has a fifteen year sentence.
The Court: Okay. I’m sorry. Was that your understanding?
Lindsey: Yes, sir.
Lindsey also admitted that there was no legal or physical impediment to him appearing on April 2nd. Noting Lindsey’s extensive criminal .history and anger issues, the trial court sentenced him to serve 15 years at. hard labor for his aggravated second degree battery conviction.
On January 28, 2015, Lindsey appeared in order to plead guilty to the offense of jumping-bail. Under the plea agreement for that offense, Lindsey would plead guilty to jumping bail and receive a two-year sentence to be served consecutively to any other sentence. The state also agreed that, although Lindsey would be charged as a fourth-felony habitual offender, he would receive a sentence of 20 years which “would incorporate any and all charges sentences .[sic] he would be exposed to and he wouldn’t be exposed to any other arising out of this situation.” Lindsey agreed that he would plead guilty to jumping bail, to being a fourth-felony habitual offender, and the 20-year sentence would be imposed immediately. The trial court confirmed that “this sentence is consecutive, ... but what we discussed about [his] habitual offender status would incorporate *1108 all [Lindsey’s] charges and it would be a single sentence.” Lindsey was advised of and waived his Boykin rights and pled guilty to jumping bail. He was sentenced to two years’ imprisonment and informed that he would not have the right to appeal the sentence.
|4A habitual offender bill was immediately filed.[2] It listed the following felony convictions:
(1) possession of pseudoephedrine, Fourth Judicial District Court, Parish of Ouachita, docket number 05-F-0282, May 25, 2005;
(2) attempted theft of anhydrous ammonia, Twenty-Third Judicial District Court, Parish of St. James, docket number 02-CR-003590, August 10, 2005;
(3) second degree battery, Fifth Judicial District Court, Parish of Franklin, docket number 2007-852F, January 28, 2008;
(4) aggravated second degree battery, Fifth Judicial District Court, Parish of Richland, docket number F-2013-59, February 2, 2013; and,
(5) jumping bail, Fifth Judicial District Court, Parish of Richland, docket number F-2014-118, January 28, 2015.
Pursuant to the plea agreement, Lindsey would plead guilty and receive a sentence of 20 years. After being advised of his Boykin rights, Lindsey admitted to being a fourth-felony habitual offender. The triat court then set aside the sentences for Lindsey’s aggravated second degree battery conviction and jumping bail convictions and imposed a new, total sentence of 20 years’ imprisonment.
On February 2, 2015, another hearing was held, wherein the trial court noted that it was clarifying that Lindsey was serving a 15-year sentence for the aggravated second degree battery and a 20-year sentence under the habitual offender statute to run concurrently. On February 11, 2015, Lindsey filed a pro se notice of intent to appeal regarding the aggravated second degree battery conviction. The motion was granted.
Lindsey also filed a pro se motion to review sentence which challenged the validity of the predicate offenses that formed the basis of the Inhabitual offender bill. Although this motion was filed in the aggravated battery record, it complained of the sentence imposed for the conviction of jumping bail. The trial court denied the motion. The denial was also filed in the record for the aggravated battery conviction. This appeal ensued.[3]
Discussion

Sentencing

In his first assignment of error, Lindsey argues that the trial court erred in imposing an unconstitutionally harsh and excessive sentence for his conviction of aggra *1109 vated second degree battery.[4] On review, the appellant argues that the first plea agreement did not include an agreed-upon sentence, but merely a sentencing recommendation from the state. He argues that, although a PSI was ordered and reviewed, the trial court’s discussion in light of the provisions of La. C. Cr. P. art. 894.1 is “sparse.” Lindsey asserts that nothing in the trial court’s discussion sufficiently particularized the sentence to fit the defendant and the offense.

Review of Sentence on Appeal

Initially, we must determine whether Lindsey is entitled to a review of his sentence. Louisiana C. Cr. P. art. 881.2(A)(2) provides, “The defendant | cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 1996-0195 (La.10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La.App.2d Cir.08/15/07), 962 So.2d 1214. However, jurisprudence recognizes that the right to seek review of a sentence imposed in conformity with a plea agreement may be retained by the defendant at the time a guilty plea is entered.
In State v. Foster, supra, the defendant pled guilty with a sentencing cap, but the trial court specified'that he would waive the right of appeal, “except as to the amount of the sentence.” Considering that statement by the ‘ trial court, this Court found that the defendant did not contemplate that by pleading guilty he waived his right to appeal his sentence for excessiveness. This Court specifically overruled a previous opinion and determined that the defendant had a constitutional right of review under La. Const. Art. I, § 19, which had not been “intelligently waived.” Id. at 1218.
In State v. Jones, 48,774 (La.App.2d Cir.01/15/14), 130 So.3d 1033, the record showed that the defendant agreed to the sentence cap and knew that his sentence would be. 15 years. This Court held that, because the defendant was made aware that he was waiving his right to appeal by pleading guilty, he was not entitled to review of his sentence. Nevertheless, this Court acknowledged that defendants have been afforded review of their sentences in cases where the issue is close. Id. at 1036. Similarly, in State v. Wright, 49,882 (La.App.2d Cir.07/08/15), 169 So.3d 835, this Court held that, because the defendant agreed during his plea that he would not be [7able to appeal, he was not entitled to appellate review of his; sentence., The record showed that during the plea hearing, the defendant was advised that there, was a sentencing cap, and he would not be entitled to an appeal from his -sentence. This Court found that the trial court’s statements to the contrary at the sentencing hearing did not influence the defendant’s decision to plead guilty or interfere with the enforceable cap. Id. at 838.
Here, the plea agreement regarding the charge of aggravated second degree battery did not include an agreed-upon sentence; thus it is subject to appellate review. The signed plea agreement noted that the state “is recommend *1110 ing a sentence of 15 years,” the maximum sentence under La. R.S. 14:34.7.' The transcripts reveal that the trial court specifically noted that, although the state recommended a 15-year sentence, the trial court retained the right and discretion to deviate from that recommendation. Lindsey confirmed that it was his understanding that, while he waived the right to appeal his conviction, there was no agreement as to the sentence or sentencing cap. Here, Lindsey did not contemplate that he would be waiving his right to appeal his sentence by pleading guilty. See Foster, supra. In contrast to Jones, supra, and Wright, supra, Lindsey did not confirm or agree that he would not be able to appeal his sentence. Because the trial court did not specify that the right to appeal the sentence would be waived by pleading guilty and because the state specified that an agreement as to the sentence was not part of the plea agreement, Lindsey is entitled to appellate review of his sentence related to his conviction for aggravated second degree battery.

IsExcessive Sentence

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical , compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
laSecond, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
Maximum sentences are generally reserved for the “most egregious and blameworthy offenders in a class.” As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst. offenses. State v. *1111 Cozzetto, 2007-2031 (La.02/15/08), 974 So.2d 665; State v. Hogan, 47,993 (La.App.2d Cir.04/10/13), 113 So.3d 1195, writ denied, 2013-0977 (La.11/08/13), 125 So.3d 445. The. trial court is .given wide discretion in the imposition of sentences, within the statutory limits, Such, a sentence will not be’set. aside as excessive absent a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7.
Louisiana R.S. 14:34.7(C) provides, “Whoever commits the - crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years',' or both.”
Lindsey argues that the imposed sentence of 15 years’ imprisonment for a conviction of aggravated second degree battery, the maximum |insentence, is unconstitutionally excessive. The trial court is not required to list every aggravating or mitigating circumstance. The record in this ease reflects that the’ trial court took notice and considered the relevant factors under La. C. Cr. P. art. 894.1. Specifically, the court reviewed the PSI, which included a narrative report of the investigation into this offense. The PSI contained statements from the victim, the defendant, and witnesses. The record, combined with the PSI, shows an adequate factual basis for the sentence imposed. The trial court noted that Lindsey had an extensive criminal history, with convictions for simple kidnapping, second degree battery, drug possession, and aggravated second degree battery.
The instant conviction was initially charged as attempted second degree murder, but reduced to aggravated second degree battery. The PSI indicates that Lindsey chased the victim from a residence, with children present, and stabbed the victim as he attempted to -escape in a vehicle. The victim reported that he suffered extensive injuries, causing him to lose function in his left arm. Based upon his criminal history, -the trial court noted that Lindsey was quick to anger and-would “lose it” when angry. The trial court found that he was “capable of being a danger to the public because of [his] temper.” The trial court also noted that some people interviewed spoke highly of Lindsey, indicating that he was a hard worker. A lesser sentence would deprecate the seriousness of the offense and Lindsey’s history indicates that, if released, he would likely commit another offense. As such, the sentence imposed is not grossly disproportionate to the seriousness of the offense committed. This assignment is without merit.
11¶Sentence .for. Jumping Bail
In his second assignment of error, Lindsey argues that the trial court erred in imposing an unconstitutionally harsh and excessive sentence for his conviction of jumping bail. Although the record has been supplemented to include copies of the bills of information in trial court docket numbers F-2014-118 (jumping bail) and F-2015-17 (habitual offender), the record does not contain a motion for appeal or an order of appeal in the jumping bail case. Lindsey filed an appeal only as to the conviction and sentence for the instant offense of aggravated second degree battery, trial court docket number F-2013-59. As such, this court lacks jurisdiction to review the sentence for • Lindsey’s conviction of jumping bail, and his assignment of error will not be considered.

Error Patent

After accepting the guilty pleas for jumping bail and as a fourth-felony habitual offender, the trial court immediately imposed Lindsey’s sentences on the offenses. There is no showing on the rec *1112 ord that defendant waived the delay required by La. C. Cr. P. art; 873. In this case, the defendant has not objected to the trial court’s failure to observe the delay, and there was no showing of prejudice. Thus, the trial court’s failure to observe the statute was harmless error. See State v. Roberson, 40,809 (La.App.2d Cir.04/19/06), 929 So.2d 789.
Additionally, although this Court lacks the jurisdiction to review the conviction of jumping bail and habitual offender adjudication, the state’s use of the conviction of aggravated battery in its habitual offender bill is in violation of La. R.S. 15:529.1, which provides, in part:
|1!8A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows.... (Emphasis added).
This portion of the statute, and the jurisprudence interpreting it, requires that the prior conviction must precede the commission of the principal offense in order to be used as a predicate to enhance a defendant’s status as a multiple offender. Also, in order to be used as predicate offenses in habitual offender adjudications, prior convictions must be final. State v. Jones, 49,948 (La.App.2d Cir.09/30/15), 178 So.3d 1075; State v. Davis, 48,161 (La.App.2d Cir.08/07/13), 121 So.3d 1207, writ denied, 2013-2145 (La.03/14/14), 134 So.3d 1194.
In this case, the habitual offender bill listed four predicate felonies, including the conviction for aggravated second degree battery, and the instant offense of jumping bail. Lindsey was charged with jumping bail based upon the failure to appear at the April 2, 2014 sentencing hearing on the conviction of aggravated second degree battery. At the time of the offense upon which the habitual offender bill of information was based, jumping bail on April 2, 2014, Lindsey had not yet been sentenced on the conviction of aggravated second degree battery, and his conviction was not yet final. As such, the conviction of aggravated second degree battery could not be used as a predicate offense in the habitual offender bill of information. However, the habitual offender bill listed three other prior felony convictions and the instant offense of jumping bail. As such, the bill of information still supported the adjudication as a fourth-felony habitual | ^offender, which carries the same minimum sentence of 20 years’ imprisonment. The inclusion of the conviction of aggravated second degree battery in the habitual offender bill of information is harmless error.
Conclusion
For the foregoing reasons, the conviction and sentence of Christopher Wayne Lindsey are affirmed.
AFFIRMED.

. Trial court docket number F-2014-118.

. Trial court docket number F-2015-17.

. The appeal record was lodged on June 19, 2015. On October 1, 2015, Lindsey's appellate counsel filed a motion to supplement his appeal record with copies of the bills of information in trial court docket numbers F-2014-118 (jumping bail) and F-2015-17 (habitual offender). Since a defendant is entitled to a review of his conviction upon a complete record under La. Const. Art. I § 19, and because Lindsey’s convictions were somewhat intertwined and shared transcripts, we ordered that the appeal record be supplemented with duplicate certified copies of the bills of information in trial court docket numbers F-2014-118 and F-2015-17. Those documents have been received and are contained in the record. The record does not contain a motion for appeal or an order of appeal in the jumping bail case.

. On June 4, 2014, Lindsey was sentenced on the conviction of aggravated second degree battery. His notice of intent to appeal was not filed until February 11, 2015, and was untimely under La. C. Cr. P. art. 914. However, given that the trial signed an order granting the appeal and the state did not complain of any procedural irregularities, dismissal of the appeal and a remand to the trial court to cure any defects under State v. Counterman, 475 So.2d 336 (La.1985), would only prolong the delay without serving any useful purpose. See State v. Wagner, 2007-0860 (La.03/14/08), 976 So.2d 706.