WILLIAMS, J.
*1207 The defendant, Christopher Lee Griffin, was charged by bill of information with one count of aggravated incest, a violation of La. R.S. 14:78.1. The defendant pled guilty as charged and was sentenced to serve 20 years at hard labor with a $25,000.00 fine. Defendant was subsequently adjudicated a second-felony offender and sentenced to serve 40 years at hard labor. On remand after an appeal, the district court resentenced defendant to serve a term of 40 years at hard labor, with the sentence to be served without the benefit of parole, probation or suspension of sentence. Defendant's motion to reconsider sentence was denied. Defendant appeals his sentence as excessive. For the following reasons, we amend the sentence to delete the denial of parole eligibility and affirm as amended. This matter is remanded to the trial court with instructions to provide the defendant with written notice of the sex offender registration requirements.
FACTS
The record shows that the defendant was charged with one count of aggravated incest of his 14-year-old daughter for acts occurring in June 2012. Defendant pled guilty as charged. He was adjudicated a second-felony offender and sentenced to serve 40 years at hard labor. On appeal, defendant's conviction and adjudication as a second-felony offender were affirmed. However, this court remanded for resentencing, finding that the sentencing judge should have recused himself because he had worked on the case as an assistant district attorney. State v. Griffin , 50,265 (La. App. 2 Cir. 11/18/15), 183 So.3d 585.
On remand, another judge of the district court imposed a sentence of 40 years at hard labor, to be served without the benefit of parole, probation or suspension of sentence, and denied defendant's motion to reconsider sentence. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant urges that the record does not support the sentence imposed.
In reviewing a claim of excessive sentence, the appellate court first considers whether the record shows the trial court took cognizance of the sentencing guidelines in La. C.Cr.P. art. 894.1. State v. Jackson , 51,011 (La. App. 2 Cir. 1/11/17), 211 So.3d 639 ; State v. Taylor , 49,467 (La. App. 2 Cir. 1/14/15), 161 So.3d 963. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of those guidelines. Id.
The reviewing court next determines whether the sentence is constitutionally excessive by considering whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. La. Const. art. I, § 20 ; State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Lindsey , 50,324 (La. App. 2 Cir. 2/24/16), 189 So.3d 1104. A sentence is considered grossly disproportionate if, when the crime and punishment are *1208 viewed in light of the harm done to society, it shocks the sense of justice. Id.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Washington , 50,337 (La. App. 2 Cir. 1/13/16), 185 So.3d 852. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
At the time of the offense in 2012, the penalty for conviction of "aggravated incest" was imprisonment, with or without hard labor, for a term not less than 5 years, nor more than 20 years or a fine of not more than $50,000.00, or both. La. R.S. 14:78.1. Under La. R.S. 15:529.1, the penalty for a second-felony offender is imprisonment for a determinate term of not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
On remand, the district court sentenced defendant to a term of 40 years at hard labor, the maximum allowable sentence under the habitual offender statute for a second felony offense. Prior to imposing sentence, the trial court stated that it had reviewed the presentence investigation (PSI) report and considered the nature of the crime and each of the factors set forth in Article 894.1. The trial court specifically cited defendant's lengthy criminal history "dating back to ... young adulthood" and noted that defendant actually has three felony convictions. The trial court stated that the nature of this crime is "kind of shocking" and that the defendant's behavior exhibited deliberate cruelty to the victim.
In his brief, defendant asserts that the trial court did not consider his letter accepting responsibility and expressing remorse or his substance abuse problem generated by physical and sexual abuse he suffered at a young age. However, the trial court considered the PSI report, which included defendant's statement that he had been sexually and physically abused as a child. As stated above, the trial court is not required to expressly list every aggravating and mitigating circumstance, and in considering defendant's history of perpetrating sexual crimes on children, the trial court reasonably found that imposing anything less than the maximum sentence would deprecate the seriousness of the offense committed.
In addition, a review of defendant's criminal history contained in the prior record on appeal and the PSI report reveals that his criminal behavior has continued despite being afforded numerous opportunities to rehabilitate himself. Defendant has shown that he is unable to curb his criminal behaviors even when faced with further incarceration, as indicated by his prior parole violation and the sex offense charge pending at the time of his conviction in this case.
The defendant's contention that his sentence is constitutionally excessive is not supported by the record. The sentence imposed was within the trial court's discretion and is appropriate under the facts and circumstances of this case. Based upon the defendant's lengthy criminal history, the seriousness of the offense and his previous failures at rehabilitation, the sentence does not shock the sense of justice, nor is it disproportionate to the severity of the offense. Thus, we cannot say the 40-year sentence imposed is constitutionally excessive. The assignment of error lacks merit.
Defendant contends the trial court erred in ordering that his sentence be *1209 served without parole. The statute of conviction provided a penalty of 5 to 20 years at hard labor. La. R.S. 14:78.1. The habitual offender statute provides that the sentence be served without the benefit of probation or suspension of sentence, but does not prohibit parole. La. R.S. 15:529.1(G). The state agrees in its brief that the sentence should not deny parole eligibility. Based upon the applicable law, we shall amend the sentence imposed to delete the denial of parole eligibility.
Defendant also contends the trial court erred in failing to properly advise him of the time limits for seeking post-conviction relief. An application for post-conviction relief must be filed within two years from the date the judgment of conviction and sentence becomes final. La. C.Cr.P. art. 930.8.
As shown by state exhibit 4 of the prior record on appeal, when defendant was originally sentenced for aggravated incest on June 11, 2013, the trial court correctly advised him of the time limits within which to apply for post-conviction relief as required by Article 930.8. Although defendant was resentenced without again being advised of this time limitation, he has been provided with notice that the two-year time period for seeking post-conviction relief begins on the date his conviction and sentence become final. Thus, the assignment of error lacks merit.
Error Patent
In reviewing the record for error patent, we note that the trial court failed to inform defendant of the sex offender notification and registration requirements, as mandated under La. R.S. 15:543. The defendant's conviction of aggravated incest, a "sex offense" under La. R.S. 15:541, requires that defendant be subjected to the sex offender notification and registration requirements. La. R.S. 15:542. Pursuant to Section 543, the trial court is required, using the form contained in La. R.S. 15:543.1, to notify a defendant convicted of a sex offense in writing of the registration and notification requirements. The statute further requires that an entry be made in the court minutes stating that the written notification was provided.
Here, the record does not indicate that the defendant was provided with either written or oral notification of the sex offender registration requirements. As a result, remand is required with instructions to the trial court to provide the appropriate written notice to the defendant of the sex offender registration requirements and to make an entry in the court minutes stating that such notice was provided. See State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248 ; State v. Preston , 47,273 (La. App. 2 Cir. 8/8/12), 103 So.3d 525.
CONCLUSION
For the foregoing reasons, the defendant's sentence is hereby amended to delete the denial of parole eligibility and affirmed as amended. This matter is remanded for the purpose of providing written notice to the defendant of the sex offender registration requirements.
SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.