WILLIAMS, C.J.
The defendant, Jamie Dewayne Haynes, was charged by amended bill of information with first degree robbery, a violation of La. R.S. 14:64.1. Following a jury trial, the defendant was found guilty as charged. He was sentenced to serve 40 years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant's appellate counsel has filed an Anders brief and a motion to withdraw, alleging that there are no non-frivolous issues to raise on appeal. For the following reasons, we affirm defendant's conviction and sentence and grant appellate counsel's motion to withdraw.
FACTS
The record shows that in the early morning hours of March 23, 2016, Adrianna Buckley was working at an EZ Mart store on DeSiard Street in Monroe, Louisiana, when an individual robbed the store at gunpoint. Ms. Buckley repeatedly pushed a silent alarm as the robber demanded the money from the cash register and three packs of Newport cigarettes. The robber fled just before the police responded. Ms. Buckley told the police officers that the robber was wearing a jacket that had fur around the hood, a green T-shirt with the word "Lotto" on the front, and a black, gray and white cloth covering his face. Surveillance video from the store corroborated Ms. Buckley's description of the robber's appearance.
Officer Tim Crum of the Monroe police testified that he initiated a traffic stop of a vehicle that he had observed leaving the store area with the headlights off shortly after the robbery. There were three occupants in the vehicle and defendant was observed sitting in the backseat, wearing a green "Lotto" T-shirt with a black handgun on the floor between his feet. After getting consent to search the vehicle, police found a plastic bag containing money and coins, a black coat with fur along the hood and two packs of Newport cigarettes. Defendant was arrested and charged with first degree robbery.
*740 After a trial, defendant was found guilty as charged. Defendant's pro se "Motion in Arrest of Judgment" and a pro se motion re-alleging pretrial issues were denied. Defendant was sentenced to serve 40 years at hard labor without benefit of parole, probation or suspension of sentence and he did not file a motion to reconsider sentence. This appeal followed.
DISCUSSION
The defendant's appellate counsel has filed an Anders brief and a motion to withdraw, advising that he made a conscientious and thorough review of the trial court record and found no non-frivolous issues to raise on appeal. See Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176. The brief outlines the procedural history of the case and the trial court's rulings on the motions filed by defendant. The brief also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles , 704 So.2d at 242. Counsel specifically addresses defendant's potential claims regarding sufficiency of the evidence, excessiveness of sentence and a defense objection to the jury charge. In addition, appellate counsel verifies that he mailed copies of the motion to withdraw and his brief to defendant, in accordance with Anders , Jyles and Mouton, supra . This Court issued an order holding appellate counsel's motion to withdraw in abeyance and extending the pro se briefing deadline. However, although defendant was provided a copy of the appellate record, he did not timely file a pro se brief. Consistent with this court's prior order, defendant's pro se motion for an extension of time in which to file a pro se brief was denied. State v. Haynes , 52,331 (La. App. 2 Cir. 9/17/18).
Counsel's brief summarizes the evidence presented at trial to support the conviction, including defendant's presence in the truck shortly after the robbery wearing a green shirt with "Lotto" on the front, a pellet gun at his feet and the stolen property on the backseat next to where he had been sitting. Regarding trial counsel's objection to the jury instruction concerning principals of a crime, there was no showing that the instruction was incorrect given the evidence that defendant and two other individuals were found in the truck containing the stolen property. The record shows that defendant's pro se post-verdict motions re-urged his complaint that despite his timely arraignment after the filing of the initial bill of information, he was not arraigned within 30 days after the amended bill was filed as provided by La. C.Cr.P. art. 701. Appellate counsel points out that Article 701 does not provide a remedy for violation of the provision and there is no showing defendant was prejudiced by the failure to arraign him within 30 days after the bill was amended. Finally, appellate counsel states that although defendant received the maximum sentence of 40 years without benefit of parole, probation or suspension of sentence, the trial court considered that defendant was actually a fourth-felony offender and received a benefit from the state's decision not to file a multiple-offender bill against him.
Further, the sentence imposed is not constitutionally excessive. The penalty for first degree robbery is imprisonment for not less than 3 years nor more than 40 years without benefit of parole, probation or suspension of sentence. At the sentencing hearing, the trial court reviewed the presentence investigation report and provided detailed reasons for the sentence imposed. The trial court noted that defendant is a fourth-felony offender with several prior crimes against the person. The *741 trial court considered defendant's extensive criminal history, which includes convictions for negligent homicide, unauthorized entry of an inhabited dwelling and disarming a police officer. In reviewing the facts of the present offense, the court noted that defendant had been arrested for witness tampering based on his alleged use of threats in attempting to prevent the testimony of a co-offender.
Additionally, the trial court considered the factors of La. C.Cr.P. art. 894.1, finding that defendant needed correctional treatment and that a lesser sentence would deprecate the seriousness of the crime committed. Based upon defendant's significant history of crimes against the person and his repeated failures at rehabilitation, the trial court's imposition of the maximum sentence for this defendant does not shock the sense of justice, nor is the sentence grossly disproportionate to the severity of the offense.
Our review of the entire record discloses no non-frivolous issues for appeal and no rulings which arguably support an appeal. Accordingly, the appellate counsel's motion to withdraw is hereby granted.
Error Patent
In reviewing the record for error patent, we note that the trial court failed to observe the sentencing delays under La. C.Cr.P. art. 873, and there is no express waiver of said delays in the record. Article 873 provides that if a motion in arrest of judgment is filed, sentence shall not be imposed until 24 hours after the motion is denied, unless defendant expressly waives the delay. However, defendant did not object to the trial court's failure to observe the delay, and there was no showing of prejudice. Thus, the trial court's failure to observe the statute was harmless error. See State v. Lindsey , 50,324 (La. App. 2 Cir. 2/24/16), 189 So.3d 1104.
CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed. Appellate defense counsel's motion to withdraw is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.