Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,357-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

versus

ERIC DOMINIC NABORS                         Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 13-F3242

Honorable Larry D. Jefferson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Douglas Lee Harville

ERIC DOMINIC NABORS                         Pro Se

ROBERT S. TEW                                      Counsel for Appellee
District Attorney

ROBERT N. ANDERSON
GEARY S. AYCOCK
Assistant District Attorneys

* * * * *

Before PITMAN, GARRETT, and STONE, JJ.

**PITMAN, J.**

Defendant Eric Dominic Nabors was convicted of the crime of second degree murder, a violation of La. R.S. 14:30.1, and was sentenced to life in prison without parole. He now appeals his sentence as constitutionally excessive. For the following reasons, Defendant's conviction and sentence are affirmed.

## FACTS

Defendant was charged with the murder of a two-year-old child, Jemarion Jackson, who was in Defendant's care on the day that he died. Defendant and the child's mother took him to the hospital where he presented with severe injuries, was not breathing and had a body temperature of 86 degrees. The doctors at the hospital attempted to revive the child for 30 minutes before declaring him dead.

A unanimous jury found Defendant guilty of second degree murder. The trial court granted Defendant's motion for post-verdict judgment of acquittal and modified the jury's verdict finding him guilty of the responsive verdict of negligent homicide. Defendant was sentenced to serve five years at hard labor. The state appealed and this court reversed, vacated the sentence, reinstated the verdict of guilty of second degree murder and remanded for sentencing. *State v. Nabors*, 52,163 (La. App. 2 Cir. 7/19/18), 251 So. 3d 1214, *writ denied*, 18-1477 (La. 9/21/18), 252 So. 3d 496.

In *Nabors*, *supra*, the issue of sufficiency of the evidence was addressed, and this court found the evidence presented at trial supported Defendant's conviction since it was clear he had sole charge of the child on the night he died, and that while in his care, the child received non-self-inflicted injuries that killed him. The severity of the child's injuries alone, a

lacerated liver and mesentery, brain swelling and fractured ribs to his back, suggest they were inflicted, at the very least, through cruelty to a juvenile, which is sufficient to support a conviction of second degree murder, and there is no need for this court to review the disturbing underlying facts of Defendant's conviction a second time.

Following remand, the trial court then granted Defendant's motion for new trial and set the trial for April 22, 2019. The state sought supervisory review and this court granted the writ, reversed and remanded for sentencing. The supreme court denied writs. *State v. Nabors*, 19-0567 (La. 5/28/19), 274 So. 3d 560. On remand, the trial court sentenced Defendant to the mandatory term of life imprisonment, without benefits, on the conviction of second degree murder. No motion to reconsider sentence was filed.

**DISCUSSION**

Defendant's sole assignment of error challenges his mandatory life sentence as constitutionally excessive. His argument focuses on the trial court's reasoning in granting the motion for post-verdict judgment of acquittal and motion for new trial in arguing that the life sentence fails to contemplate reasonable rehabilitation and punishment. Specifically, he points to the trial court's opinion that there was no evidence that he committed a "direct act of cruelty" or inflicted actual physical injury on the child. The trial court stated that it could not determine exactly when or how the injuries occurred, nor could it say that the state had proven specific intent. Defendant contends that the mandatory sentence is excessive because his case rested on circumstantial rather than direct evidence.

The state, in an exceptionally brief and poignant response, submits that Defendant is attempting to litigate sufficiency of the evidence a third

2

time by couching it in terms of excessive sentence. Correctly noting that this court found that the trial court's reevaluation of the evidence in this case was grossly erroneous, the state simply argues that the mandatory sentence in this matter is not shocking to the conscience of society.

Where no motion to reconsider sentence is filed, the defendant is relegated to a claim of constitutional excessiveness. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Pittman*, 52,027 (La. App. 2 Cir. 4/11/18), 248 So. 3d 573.

Whether a sentence is constitutionally excessive is determined by considering whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. La. Const. art. I, § 20; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Lindsey*, 50,324 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1104. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *Id.*

It is within the legislature's prerogative to determine the length of the sentence imposed for the crimes classified as felonies, and the courts are charged with applying these punishments unless they are found to be unconstitutional. *State v. Barrett*, 51,921 (La. App. 2 Cir. 4/11/18), 247 So. 3d 164, *writ denied*, 18-0744 (La. 2/18/19), 265 So. 3d 770. Accordingly, the decision to assess mandatory life sentences is also within the prerogative of the legislature. *Id*.

Downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is

3

exceptional, namely, that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender and the circumstances of the case. *State v. Chandler*, 41,063 (La. App. 2 Cir. 9/8/06), 939 So. 2d 574, *writ denied*, 06-2554 (La. 5/11/07), 955 So. 2d 1277, *citing Dorthey*, *supra*, *and State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672. The "rare circumstances" in which a mandated sentence can be altered are even less likely in the case of a life sentence chosen by the legislature for a single crime, such as aggravated rape or second degree murder. *State v. Chandler*, *supra*. In such crimes, unlike the mandatory minimum sentence under the habitual offender law, the "tailoring" of the sentence by the legislature was for life because the culpability of offenders and the gravity of the offenses are so great. *Id*.

Likewise, where there is a mandatory sentence, there is no need for the trial court to justify, under La. C. Cr. P. art. 894.1, a sentence that it is legally required to impose. *State v. Barrett*, *supra*. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court has no discretion in sentencing the defendant. *State v. Robinson*, 47,437 (La. App. 2 Cir. 11/14/12), 106 So. 3d 1028, *writ denied*, 12-2658 (La. 5/17/13), 117 So. 3d 918.

La. R.S. 14:30.1(B) mandates a life sentence for second degree murder. The trial court was not required to particularize or tailor the sentence to the defendant or to comply with La. C. Cr. P. art. 894.1. In addition, it was Defendant's burden to show, by clear and convincing evidence, that he was the exceptional defendant for whom downward departure from the mandatory minimum sentence was justified. Defendant failed to articulate any reason why his circumstances justify a departure from

the mandatory life sentence. The mandatory life sentence does not shock the sense of justice for the brutal killing of this two-year-old child. Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the forgoing reasons, the conviction and mandatory life sentence of Defendant Eric Dominic Nabors are affirmed.

**AFFIRMED.**