Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,215-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

MICHAELA R. CARROLL                   Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2020-F-252

Honorable Stephen G. Dean, Judge

* * * * *

HOGAN ATTORNEYS                       Counsel for Appellant
By: Jane Hogan

PENNY WISE-DOUCIERE                   Counsel for Appellee
District Attorney

AMANDA M. WILKINS
CAROLINE HEMPHILL
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**PITMAN, C. J.**

Defendant Michaela R. Carroll pled guilty to two counts of molestation of a juvenile with an agreed upon sentencing range of 25 to 50 years. She appeals the sentences imposed of 50 years per count, to be served concurrently, with the first 25 years being served without benefit of probation, parole or suspension of sentence. For the following reasons, we affirm.

## FACTS

On June 5, 2020, Defendant and her husband were charged with seven violations of the law, including two counts of first degree rape of a victim under the age of 13, three counts of pornography involving juveniles, and two counts of molestation of a juvenile. The victim of three of these crimes, including the two counts of first degree rape of a victim under the age of 13, was J.C., d.o.b. 2/19/09. The victims of the other four crimes were A.M. (d.o.b. 3/1/17) and W.M. (d.o.b. 3/1/18).

In addition to the counts above, Defendant was charged individually with three counts of first degree rape of a victim under the age of 13. The victim of these crimes was D.C. (d.o.b. 1/16/07).

Pursuant to a plea agreement, on April 11, 2022, in open court, two counts of first degree rape were amended to molestation of a juvenile under the age of 13, violations of La. R.S. 14:81.2. The state dismissed the remaining eight counts against this defendant. The plea agreement in the record shows that the state and Defendant agreed that there would be a cap of 50 years on the sentences for each of these counts; the sentencing range would be 25 to 50 years; they would run concurrently; she would be given

credit for time served; a presentencing investigation ("PSI") would be conducted; and she would have a lifetime registration as a sex offender.

At the hearing, during which Defendant pled guilty, the state recited the factual basis for the two charges of molestation of a juvenile as follows:

> [O]n or about January 1st, 2019 and through May 31st, 2019, Michaela Carroll did commit molestation of a juvenile under the age of thirteen with the initials "JC." And his date of birth is February 19th, 2009. On count ten, Michaela Carroll on or about August 1st, 2019, through August 31st, 2019, did commit molestation of a juvenile under the age of thirteen "DC" date of birth January 16th, 2007. The sex act was oral.

At that hearing the trial judge disclosed for the record, that by chance, he had seen JC's and DC's mother at an Auto Zone in Winnsboro and asked her if she was aware that the guilty plea would be taken that particular day. She affirmed that she was aware of the date and told him that she wanted to get the matter behind her.

At the hearing, the trial court advised Defendant of all her rights she was waiving by pleading guilty. She was asked if she was satisfied with the representation she had received from her attorney and she affirmed that she was. After Defendant was informed of her rights and appeared competent, the trial court accepted her guilty plea and noted that a PSI would be initiated prior to sentencing.

At sentencing on July 7, 2022, the trial court allowed Defendant's stepfather and mother to speak on her behalf. Both stated that Defendant was the victim of a very abusive relationship with her husband who threatened her with violence if she did not comply with his wishes for her to commit these crimes while he watched, filmed or participated. Defendant's mother brought up the fact that had sentencing been delayed, a forensic psychologist, Dr. Chitra Raghaven, would have been able to testify that her

daughter was controlled by her husband who had threatened her life and that of her family if she did not comply with his wishes. She testified that he terrorized Defendant and that she did not engage in the acts for her own gratification but, instead, because she was in fear and just trying to survive every day "after being beaten down to nothing." She stated that Defendant only accepted the plea agreement because she knew she was facing a possible life sentence for the crimes she committed, and she did not want to have to relive her nightmare experiences or put the victims through the same.

The trial court noted that the sentencing range for molestation of a juvenile under the age of 13 years is imprisonment at hard labor for not less than 25 years and not more than 99 years, with not less than 25 years being served without benefits. The trial court stated that it carefully considered and studied the PSI and all factors, both aggravating and mitigating, as well as the nature of the offenses involved in light of the provisions of La. C. Cr. P. art. 894.1. It found aggravating factors in that there was an undue risk that Defendant would commit another crime during the period of any suspended sentence, that she was in need of correctional treatment or custodial environment that could be most effective by her commitment to an institution and that a lesser sentence would deprecate the seriousness of the crimes. It found no mitigating factors and stated that the crimes were very serious ones that involved children—a teenager, a preteen and two very young children. It noted that the state dismissed the charges concerning the two- and three-year-old in the plea agreement. It stated that the threats, intimidation and abuse alleged by Defendant to have occurred against her "pale in comparison to that suffered by the victims." It further stated that

Defendant's acts were sordid, hideous and despicable. As to the prayers for leniency, it stated that she already had been shown great leniency by the state's dismissal of most of the counts against her and by holding her responsible for only two of the ten original counts, and those had also been reduced from first degree rape of a victim under the age of 13 to molestation of a victim under the age of 13.

The trial court imposed sentences of 50 years for each count, the first 25 years of which would be served without benefits. All of the other conditions of the plea agreement were also imposed.

Defendant appeals her sentences.

## DISCUSSION

### *Excessiveness of Sentences*

Defendant argues the trial court's imposition of sentences of 50 years for each count to which she pled guilty was unconstitutionally excessive because it failed to consider the mitigating factor that she was a survivor of intimate-partner violence and that her spouse forced her to commit the acts. Further, Defendant argues that the trial court refused to adequately consider objective sentencing factors of La. C. Cr. P. art. 894.1 and that a comparative analysis of other sentences imposed for much more serious crimes proves that Defendant's sentences shock the sense of justice.

Defendant argues that the trial court refused to consider as a mitigating factor the documented violence to which she had been subjected by her former husband. She included a copy of Dr. Raghaven's report with her PSI to the trial court, as well as Dr. Raghaven's Curriculum Vitae documenting her renown in the field of intimate-partner violence. She prays that this court consider Dr. Raghaven's report and at least reduce the

4

sentences to 25 years each to be served concurrently and without benefits, i.e., the minimum allowed by La. R.S. 14:82(D)(1).

The state replied that Defendant is barred from appealing her sentence because it was imposed in conformity with a plea agreement that set a cap at 50 years per count, and this agreement was set forth in the record at the time of the plea. The state argues that the sentences imposed for both counts were well within the sentencing range for the crimes committed, even if there had not been an agreement to cap the range at 50 years. Without the plea agreement, Defendant faced the potential of two 99-year consecutive sentences for the two crimes to which she pled guilty. Further, the state responds to Defendant's claim that the trial court failed to address mitigating factors by pointing out that the trial court is not required to give reasons for its decision to impose 50-year sentences for each crime; however, it did provide reasons for imposing the maximum sentences under the plea agreement, declaring it found the crimes so revolting and such a threat to the children that the maximum sentences under the agreement were warranted. For these reasons, the state argues that the sentences imposed cannot be considered unconstitutionally excessive.

A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2); *State v. McDonald*, 54,838 (La. App. 2 Cir. 1/11/23), 354 So. 3d 820. This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. *Id.*, *citing State v. Young*, 96-0195 (La. 10/15/96), 680 So. 2d 1171. If a plea agreement did not include an agreed-upon sentence, it is subject to appellate review. *State v. Lindsey*, 50,324 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1104.

This plea agreement stated that the sentencing range would be 25 to 50 years per count of molestation of a juvenile under the age of 13. Defendant was informed that she was pleading guilty and that these were the terms of her agreement. She voluntarily accepted the agreement and waived her right to appeal the sentences. Her argument that the sentences imposed were unconstitutionally excessive has no merit. To the contrary, the duration of the sentences imposed pursuant to the plea agreement had already been greatly reduced from a possible statutory 99-year sentence per count to a cap of 50 years and an agreement that the sentences would be served concurrently rather than consecutively. Given the severity of the crimes, and the fact that the state had already chosen not to prosecute eight other crimes, we find Defendant's assignment of error to be wholly without merit.

*Ineffective Assistance of Counsel*

Defendant alleges that she received ineffective assistance of counsel based on three separate arguments, i.e. the attorney failed to call an expert on intimate-partner violence at the sentencing hearing, the attorney failed to advocate for a lesser sentence or downward departure and the attorney failed to object to, or investigate, the trial judge's statement that he had encountered the mother of the victims at a store in town and reminded her of the date of the hearing.

Defendant argues that her attorney's failure to ask for a continuance of the sentencing hearing so that Dr. Raghaven could appear and testify regarding her state of mind and diminished culpability as a result of being a victim of intimate-partner violence was proof of ineffective assistance of counsel. She asserts that the testimony of the psychologist is necessary so

6

that courts can understand the impact violence has on women, particularly when "Battered Woman's Syndrome" is a mitigating factor. She claims that instead of using it as a mitigating factor, the trial court used her victimhood as an aggravating factor and opined that she could have left the situation. For these reasons, she contends that the sentences should be vacated and the matter remanded for a new sentencing hearing so the expert can testify regarding the psychological impacts of an abusive relationship.

Defendant's second basis for the alleged ineffective assistance of counsel claim is that the attorney did not advocate for the imposition of the most minimal sentences available under the law. She claims that because of this failure, a victim of domestic violence was sentenced to "the maximum penalty available under the plea bargain agreement." She argues that her attorney failed to perform according to the standard noted in the jurisprudence that requires sentencing counsel to present all mitigation and all relevant legal arguments to the trial court and to request a downward departure if appropriate.

Defendant also argues her attorney provided ineffective assistance of counsel in failing to question the trial court about its ex parte communication with JC's and DC's mother in the parking lot of Auto Zone and to suggest the need for the trial court to recuse itself as being partial. Defendant asserts that the trial court instigated the conversation by asking her what her position was in advance of the guilty plea, and the mother indicated that she would like for the maximum penalty to be imposed. Defendant contends that whether grounds for recusal existed is unknown because her attorney failed to question the trier of fact about the communication with the victims' mother.

In response, the state argues that Defendant failed to support her claim that she received ineffective assistance of counsel. It argues that Defendant has not shown prejudice or any effect on the outcome of her sentences resulting from her counsel's performance.

A claim of ineffective assistance of counsel is generally not urged on appeal. It is usually raised in the trial court through the means of an application for post-conviction relief. However, when the record is sufficient, an appellate court may resolve this issue on direct appeal in the interest of judicial economy. *State v. Cooley*, 51,895 (La. App. 2 Cir. 5/23/18), 247 So. 3d 1159, *writ denied*, 18-1160 (La. 3/6/19), 266 So. 3d 899.

The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by U.S. Constitutional Amendment VI. Under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Louisiana Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Cooley*, *supra*.

A deficient performance is established by showing that the attorney's actions fell below the standard of reasonableness and competency required for attorneys in criminal cases and is evaluated from the attorney's perspective at the time of the occurrence. *Strickland v. Washington*, *supra*. A reviewing court must give great deference to the trial counsel's judgment,

8

tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. *Strickland v. Washington*, *supra*; *State v. Nixon*, *supra*.

A defendant must show that this deficient performance prejudiced his defense. This element requires a showing the errors were so serious that the defendant was deprived of a fair trial. *Strickland*, *supra*. A defendant must prove actual prejudice before relief will be granted. *State v. Pratt*, 26,862 (La. App. 2 Cir. 4/5/95), 653 So. 2d 174, *writ denied*, 95-1398 (La. 11/3/95), 662 So. 2d 9. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. *Id.*

The record in this case is sufficient for this court to resolve the issue of ineffective assistance of counsel on direct appeal. Defendant fails to establish how her counsel's alleged deficient performance at her sentencing hearing, and afterward, prejudiced her or resulted in the imposition of a harsher sentence. Defendant faced multiple counts of first degree rape of victims under the age of 13, each of which could have resulted in life imprisonment; and her attorney negotiated a plea agreement that dismissed eight of the ten counts against her, reduced the first degree rape charges to molestation of a victim under the age of 13, and capped her possible imprisonment at only 50 years, to be served concurrently instead of

consecutively. The benefits received by Defendant as a result of her attorney's negotiations cannot be denied, and her alleged failure to request a continuance of the sentencing hearing so that the psychologist could testify in person did not result in deficient performance.

Further, the claim that the trial attorney did not request a downward departure from the sentences that could have been imposed lacks merit. In fact, the attorney negotiated a plea agreement that greatly reduced Defendant's exposure to imprisonment for life without parole. The fact that the ceiling for her imprisonment was capped at 50 years per charge instead of 99 years per charge makes this argument invalid.

Finally, the argument that the attorney failed to seek recusal of the trial court because there was an ex parte communication with the victims' mother at an Auto Zone, which the trial court disclosed for the record, did not result in any harm being done to Defendant. Defendant pled guilty with a negotiated capped sentencing range, and any argument that she had ineffective assistance of counsel is without merit.

## CONCLUSION

For the foregoing reasons, the convictions and sentences imposed against Michaela R. Carroll are affirmed.

**AFFIRMED.**